THE PEOPLE *ex rel.* GEO. W. TYLER *v.* O. C. PRATT, JUDGE OF THE TWELFTH JUDICIAL DISTRICT.

SUPREME COURT WILL NOT DECIDE QUESTIONS NOT PRESENTED IN GOOD FAITH.— The Supreme Court will not investigate and decide questions not regularly arising in the due course of litigation, in order to gratify the curiosity of counsel or parties who procure them to be raised against themselves by others who feel no interest in the contest.

SAME.— When questions are not presented in good faith, in the regular course of honest litigation, the Supreme Court will not pass upon them.

THE facts are stated in the opinion of the Court.

*George W. Tyler*, in *pro per.*, for Relator.

By the Court, SAWYER, J.:

An alternative mandate was issued to the Judge of the Twelfth Judicial District on the application of the relator, an attorney at law, requiring said Judge to permit the said relator to appear and exercise the rights of an attorney at law, in said Court, or show cause, etc.

The Judge of said Court filed his return to said writ, from which it appears that there was a suit pending in said Court in which said Tyler, relator, was attorney for the plaintiff; that on the 17th day of February, 1866, there was a motion pending before said Court in said action; that when said motion was called up by said relator, the defendant's attorney " stated to the Court substantially as follows : that *with the consent of plaintiff's attorney, who wished to obtain a decision upon the question involved in the objection he was to make,* he objected to the making of said motion by plaintiff's attorney, upon the ground that said attorney had not a Federal license to practice law, and on that account was ineligible to make the motion, or. to practice in the Court. The relator thereupon admitted that he had not obtained such license," " *and upon interrogation by the Court, assented to the statement made by defendant's attorney,*" and proceeded to argue the objection. The Court sustained the objection, and entered an order prohibiting said relator from appearing until he should procure a Federal license. This order has been modified so as to limit his right to appear on said motion then before the Court. The application for a peremptory mandate is submitted on the moving papers and return of the Judge of the Twelfth Judicial District. The record, as we view it, shows that the motion in the Court below to exclude the relator was his own, but nominally made through the accommodating attorney of the defendant for relator's own purposes, and that he got what he thus indirectly asked, although, it seems, not what he desired. Whether the question was argued in the

Court below by the attorney nominally making the motion, or not, does not appear. Certain it is, when the application for the peremptory writ was made in this Court, there was no counsel who considered it to be his especial duty to resist the application, or argue the great and important constitutional questions supposed to be involved. It was not to be expected, it is true, that the respondent would go to the trouble and expense of employing counsel to argue a question which he had been called upon to decide judicially, only, and, in which he had no personal interest, or that the counsel of the defendant in the Court below, who made the motion for the accommodation of the relator, would give himself any trouble about it. But this only shows the impropriety of raising for judicial determination questions of great importance in the manner presented in this case, where there is virtually but one party. It must happen generally in such cases, that there will be no interest manifested in the contest on one side, at least, and this Court must decide the question as improvidently as it is presented, or assume the functions of counsel as well as of the Court. When questions are presented in good faith in the regular course of honest litigation, and are necessary to the determination of the case, we shall not hesitate to decide them; but it is no part of our duty to investigate and decide questions not regularly arising in the due course of litigation, for the gratification of the curiosity of counsel, or to serve some ulterior purpose of parties who choose to procure them to be raised against themselves by others who feel no interest in the contest. We regard this as one of the latter class of cases. Whether the law of Congress is constitutional and applicable to the case in hand or not, and conceding, that the action of the District Court can be properly reviewed on an application for a writ of mandate, the circumstances under which the order excluding the relator from appearing to the motion was made by the District Court are not such as require this Court to issue a peremptory writ. (*Lord* v. *Veazie*, 8 How. U. S. 254; *Cleveland* v. *Chamberlain*, 1 Black, 425.)

The application is therefore denied, and the alternative writ discharged.