[S. F. No. 5341. In Bank.—March 25, 1912.]

## MARY CAMPBELL, Respondent, v. D. J. CANTY, Appellant.

TAXATION—SALE BY STATE AFTER AMENDMENT OF 1905 TO SECTION 3897 OF POLITICAL CODE—FAILURE TO MAIL NOTICE OF SALE—VOID SALE. —A sale by the state of land acquired by it for delinquent taxes, which was made after the taking effect of the amendment of March 1, 1905, to section 3897 of the Political Code, and without the mailing of a notice of such proposed sale, as required by that amendment "to the party to whom the land was last assessed next before the sale," if his address was known, is void, notwithstanding the proceedings for the sale were initiated prior to the amendment, when the statute contained no provision requiring such a notice by mail.

ID.—EQUITABLE ACTIONS TO SET ASIDE OR QUIET TITLE AGAINST TAX-DEED—REPAYMENT TO PURCHASER OF AMOUNT OF TAXES PAID AS CONDITION OF RELIEF.—The rule that he who seeks equity must do equity applies to suits by the land-owner in equity to set aside a tax-sale or tax-deed, and to suits under section 738 of the Code of Civil Procedure, in which a judgment for plaintiff will, in effect, annul or cancel such sale or deed. In such suits by the owner, repayment of the taxes, penalties, and costs paid and interest thereon to the purchaser or his successor must be offered or required before, or as a condition of, the judgment in favor of the owner.

ID.—MODIFICATION OF JUDGMENT QUIETING TITLE.—In the present case, the invalidity of the defendant's tax-deed being conclusively established, and the amount paid by him on account of the taxes, penalties, and costs being too small to justify a new trial or the imposition of costs on the plaintiff, the judgment for the plaintiff quieting her title is directed to be modified, in accordance with her consent, so as to require the repayment to the defendant of such amount as a condition to its taking effect.

GENERAL FINDINGS—APPLICATION TO ALLEGATIONS OF COMPLAINT AND ANSWER.—Findings in the general form that all the allegations of the complaint are true and all of the allegations of the answer untrue, is the equivalent of a specific finding as to each allegation of the answer as well as those of the complaint.

APPEAL from a judgment of the Superior Court of Fresno County and from an order refusing a new trial. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

Stanton L. Carter, Carter & Carter, Royle A. Carter, and William A. Barnhill, for Appellant.

George Cosgrave, and Frank Kauke, for Respondent.

SHAW, J.—The complaint states a cause of action in the ordinary form under section 738 of the Code of Civil Procedure to determine adverse claims to one hundred and sixty acres of land in Fresno County, alleging that plaintiff is the owner and that defendant asserts a claim thereto without right. The answer denies the allegations of the complaint and alleges that the defendant is the owner under and by virtue of a sale and deed to the state for delinquent taxes and a subsequent sale and deed by the state to the defendant in pursuance of the tax-sale. The court found that the plaintiff was the owner of the land and gave judgment for her quieting her title, unconditionally, and for costs of suit.

The validity of the sale to the state for the delinquent taxes need not be considered. It was made on July 3, 1897. The deed to the state in pursuance thereof was made on July 3, 1902. Upon the authority of the decision of this court in Bank in *Buck* v. *Canty, ante,* p. 226, [121 Pac. 924], the sale and deed from the state to the defendant are obviously invalid. This sale and deed were made on May 5, 1905, by the tax-collector of the county, in pursuance of notices previously given in accordance with the law in force prior to the enactment of the amendment of March 1, 1905, to section 3897 of the Political Code (Stats. 1905, p. 31). That amendment took effect five days before the sale, the notices given did not comply with its requirements, and for the reasons given in *Buck* v. *Canty* the sale was unauthorized by the law in force at the time it was made and is consequently void. The decision of the court below that the defendant had no title to the land was therefore correct.

In addition to the allegations of ownership in plaintiff, the complaint avers that the defendant claims to have paid taxes on the land and to have a lien thereon for the sum paid, and that the plaintiff, on March 25, 1908, and before suit, had tendered defendant fifty dollars in satisfaction of said claim, which defendant refused. The answer admits the tender and refusal. The findings are in the general form that all the allegations of the complaint are true and all the allegations of the answer untrue. This is the equivalent of a specific finding as to each allegation of the answer as well as those of

the complaint. They are contrary to the evidence so far as
the averments in the answer regarding the sale for taxes to the
state and the sale and deed to the defendant by the state, in
pursuance of the tax-sale, are concerned. But as the deed
from the state to the defendant is void, as matter of law, for
the reason above stated, the inconsistency does not call for a
reversal of the judgment or order.

The defendant makes the objection that the court below
should have required the plaintiff first to repay, or pay into
court for the defendant, the sum paid by him upon the tax-
sale, with interest from the date of payment, or should have
declared the same a lien on the land in favor of the defendant.
The amount paid was $5.11, which, with interest from May 5,
1905, to the time of the aforesaid tender, amounts to $6.15.
The question is whether the rule that he who seeks equity must
do equity applies to suits by the landowner in equity to set
aside a tax-sale or tax-deed, or to suits under section 738 of
the Code of Civil Procedure in which a judgment for plaintiff
will, in effect, annul or cancel such sale or deed. The same
question is fully considered and decided in *Holland* v. *Hotch-
kiss et al., ante,* p. 366, [123 Pac. 258], this day decided.
We there decide that the rule applies to actions of this char-
acter by the owner and that repayment of the taxes, penalties,
and costs paid and interest thereon to the purchaser or his
successor must be offered or required before, or as a condi-
tion of, the judgment in favor of the owner. Upon the au-
thority of that case we hold that the court erred in failing to
require this repayment or to make adequate provision for it
in the judgment.

It is plain that this relief was not the main object of the
appeal, or more than a rather unimportant incident of it.
The plaintiff in her brief consents to a modification of the
judgment by the supreme court, in the event that it should
reach the conclusion that repayment should have been awarded
to the defendant. Technically, upon the record, a new trial
might be necessary, for although the tender is admitted the
payment is denied, and the court below by its general method
of drawing the findings, has declared that the payment was
not made. This is directly contrary to the evidence and to
the admissions of the plaintiff. Doubtless it was an inad-
vertence. The sum involved is too small to justify a new trial,

or the imposition of costs upon the respondent, or any further litigation between the parties concerning it, if it can be avoided. In these circumstances, we think the better way to dispose of the case is to accept the offer of plaintiff to a modification of the judgment. As the defendant, neither in the court below nor at any time, offered to accept the money tendered, he should not have costs of appeal.

It is therefore ordered that the judgment of the court below be modified by adding thereto the following:—

"This judgment is made upon the express condition, anything hereinbefore said to the contrary notwithstanding, that the plaintiff shall pay to the defendant, or deposit in court to be paid to defendant on demand, the sum of $6.15, the same to be in satisfaction of all claim of the defendant under and by virtue of the sum paid by him at the sale of said land to him by the tax-collector of Fresno County for the state of California, and in satisfaction of the taxes for which said land was sold to the state by said tax-collector on July 3, 1897, and until such payment is made this judgment shall have no force in favor of said plaintiff," and as so modified, the judgment is affirmed, without costs against the respondent.

Angellotti, J., Lorigan, J., Henshaw, J., and Melvin, J., concurred.