[L. A. No. 3231.  Department Two.—March 23, 1914.]

## LOS ANGELES OLIVE GROWERS' ASSOCIATION (a Corporation), Respondent, v. EMIL POZZI, Appellant.

Municipal Corporations—Street Assessments—Proceedings for Enforcement.—The authority conferred under street improvement acts subjecting the property of a lot owner to a lien for his proportionate payment of an improvement, and providing further for a sale of his property assessed for delinquency in the payment, proceeds from the taxing power of the state, and the same general principles apply in the case of proceedings to enforce an assessment levied under such improvement acts as apply to the enforcement of ordinary tax liens.

Id.—Strict Compliance With Statute—Necessity in Order to Effect Valid Sale.—Proceedings for the enforcement of assessments under street improvement acts are proceedings *in invitum*, which must be strictly followed else a sale in pursuance thereof will pass no title to the purchaser.

Id.—Description of Land—Deed Including More Land Than was Assessed—Quieting Title.—A deed in such case, which includes slightly more land than was assessed, is void, and it is immaterial whether the buildings of the owner were upon any portion of the property described in the assessment, or whether he was injured by the sale of the excess. Therefore the purchaser cannot have a decree quieting title according to the description contained in the assessment.

Id.—Redemption by Delinquent — How Secured — Sale of Exact Amount of Land Assessed.—The right of redemption, under the Street Improvement Act of 1899 (Stats. 1899, p. 40), is a substan-

tial right given to a delinquent owner, and it can be secured to him only by a strict compliance with its terms whereby just the quantity of land impressed with the assessment lien shall be sold and no more.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Chas. Monroe, Judge.

The facts are stated in the opinion of the court.

Schweitzer & Hutton, for Appellant.

Anderson & Anderson, for Respondent.

LORIGAN, J.—This action is to quiet title to a small strip of land on the south side of Garibaldi Street in the city of Los Angeles.   Plaintiff had a decree in its favor and defendant appeals.   The point involved on this appeal is solely whether the judgment is sustained by the findings.

From the findings it appears that defendant is the owner of the strip of land in controversy unless deprived of his title thereto under a deed issued to the predecessor of plaintiff on a sale of the property under street improvement proceedings. As to such proceedings which were taken to improve Macy Street in said city under "An act to provide a system of street-improvement bonds to represent certain assessments for cost of street work and improvements within municipalities, and also for the payment of such bonds" (Stats. 1899, p. 43), the court found that after the improvement of said street a portion of the property of defendant was assessed for such improvement, the description thereof in the assessment being a narrow strip of land running along Garibaldi Street 239.99 feet, its southerly line 241.25 feet and its end lines being each 2 feet wide.   The diagram accompanying the assessment made the description a little less than the assessment itself and the certificate of the city superintendent of streets of the city of Los Angeles required by the act to be sent to the city treasurer gave a more general description of the land assessed than was contained in the assessment itself, and as so described included all the land described in the assessment and over a foot of land in addition.   Thereafter the city treasurer, as provided in the act, issued a street improvement bond in which the land assessed was described as contained in the certificate

of the city superintendent of streets.  Default was made in the payment of the bond and under the provisions of the act on demand of the holder the city treasurer caused the land to be sold, issued a certificate of sale and in due time a deed for the property.  In the bond, proceedings for the sale, the certificate therefor and the deed, the property was described as in the city street superintendent's certificate to the treasurer which included more land in their descriptions and to the extent we have stated than was described in the assessment. In addition the court found that the defendant had erected a building on a portion of the lot sold under the street improvement proceedings, but not on any portion of the property as described in the assessment.  The court awarded a decree to plaintiff quieting its title, not to the strip as described in the complaint which followed the description in the certificate of the superintendent of streets, the bond, certificate of sale, and deed, but strictly as contained in the assessment.

It is urged by the respondent that though the deed made pursuant to the street improvement proceedings under which the plaintiff claims contains a different description from and conveys a quantity of land in excess of what is included in the description in the assessment itself, as this excess in quantity was very little and the decree quieting title did not include any land except what was described in the assessment, and as it is found by the trial court in effect that the defendant was not injured by this defect, the judgment as entered was proper.  Counsel for respondent presents no authorities to sustain this claim nor any sound reasoning in its support. The case presented here under the findings is, in our opinion, analogous to a case where, in tax proceedings, a larger quantity of land is sold than was impressed with the lien of the assessment.  The authority conferred under street improvement acts to subject the property of a lot owner to a lien for his proportionate payment of an improvement and providing further for a sale of his property assessed for delinquency in the payment, proceeds from the taxing power of the state (*Engebretson* v. *Gay*, 158 Cal. 30, [Ann. Cas. 1912A, 690, 28 L. R. A. (N. S.) 1062, 109 Pac. 880]), and the same general principles apply in the case of proceedings to enforce an assessment levied under such improvement acts as apply to the enforcement of ordinary tax liens.  With regard to the latter,

it is well settled that proceedings to enforce them are *in invitum;* and a failure to strictly comply with the statutory provisions prescribed as essential to effect a sale of the property for delinquent taxes renders the sale invalid. The rule is that in such proceedings if there be included in the deed made pursuant to a tax sale more land than was assessed, the deed is void. In 37 Cyc., 1430, this rule is declared, as follows: "The tax-deed must show that the property conveyed is the same as that assessed, sold and described in the certificate of sale; if it purports to convey more or other lands, it is not valid." This rule is equally applicable in the enforcement of assessments under street improvement acts. Those proceedings rest also for their authority on the taxing power of the state, and like proceedings for the enforcement of ordinary taxes, are proceedings *in invitum* which must be strictly pursued. By the terms of the act under which the sale here in question was made it was only the lot which was assessed which was subject to the lien, and the power of the city treasurer to make a sale was limited to a sale of the lot described in the assessment. He failed to comply with the act in this respect. He made a sale under a different description than in the assessment and sold more property than was subject to the lien of the assessment, and applying, as we think it should be applied, the same rule in determining the validity of the present sale and deed as is applied to a sale and deed made pursuant to proceedings for the enforcement of the lien of ordinary taxes, the sale here in question was void. As the deed was void, there was no warrant for the judgment of the court in ignoring its invalidity and quieting title of plaintiff to the extent, at least, to the property that was embraced in the assessment. Plaintiff never acquired any title to it either as described in the assessment or in the deed. In this view, too, it is matter of no consequence whether the building of defendant was not upon any portion of the property described in the assessment. The finding in this respect as influencing the judgment proceeds upon the theory, doubtless, that defendant was not injured by a sale of a portion of his property in excess of what might lawfully be sold. But the right of the plaintiff to have a decree quieting title to the lot did not depend upon whether defendant had a building on a portion of it or not, but solely upon whether plaintiff acquired any

title to the lot at all under the sale and deed by the city treasurer, and we hold that it did not.

The judgment is reversed.

Melvin, J., and Henshaw, J., concurred.

Hearing in Bank denied.

In denying a hearing in Bank, the following opinion was rendered on April 25, 1914:

LORIGAN, J.—The petition for a rehearing is denied. The act under which the sale and deed here involved were made (Stats. 1899, p. 40) provides (sec. 4, subd. f) that the owner of property sold under the street improvement proceedings may redeem from the sale within twelve months after it is made or at any time thereafter before application by the purchaser for a deed, on payment by the owner into the city treasury of the purchase money with interest at one per cent per month. It stands to reason that the larger a lot offered for sale is, the greater the sum bid and paid for it will be, and where a quantity of land in excess of that described in an assessment is offered for sale, it may sell for a correspondingly higher price, and the owner to redeem would in that event have to pay an amount in excess of what should be justly charged against him if the law had been complied with. The right of redemption is a substantial right given to a delinquent owner under the act and it can only be secured to him by a strict compliance with its terms whereby just the quantity of land impressed with the assessment lien shall be sold and no more. If it is possible for the city treasurer to sell just a small quantity in excess of the land described in an assessment it is equally possible for him to sell a very large quantity and at such a figure as would make it difficult, if not impossible, for the owner to redeem, and the situation in every case where there was a departure from the requirements of the law would be complicated by the question of the excess in value of the land sold beyond that described in the assessment.

It is not at all difficult to comply with the plain provisions of the act and the general rule calling for strict compliance with its terms and which will preserve to the owner of land

assessed for street purposes his substantial rights should be adhered to. While the rule of strict adherence to statutory requirements in enforcing the payment of taxes and street assessments may be sometimes relaxed where it clearly appears from all the acts done under the proceedings that no substantial right of the owner of the property charged with the payment of such taxes or assessment has been affected, there is nothing of that kind appearing in this case. All we have is the fact that the lot was described in the assessment as containing a certain quantity of land and the bond, certificate of sale and deed described it as containing a larger quantity. What the amount of the assessment was or the amount for which it was sold does not appear. We have simply a case of a difference in description in the assessment and in the proceedings eventuating in a sale and a deed which would not in themselves present any ground for departing from the strict rule which we have applied.

Shaw, J., Sloss, J., Melvin, J., and Beatty, C. J., concurred.