[Civ. No. 3354.   Second Appellate District, Division One.—September 14, 1920.]

## S. BECK, Appellant, v. PHILIP L. WILSON, etc., et al., Respondents.

[1] TAXATION—SALE TO STATE—DEFECTIVE PUBLICATION—VOID SALE. In view of section 3767 of the Political Code, which provides that in the case of sale of land to the state for delinquent taxes the day of sale must not be less than twenty-one nor more than twenty-eight days from the time of the first publication of the notice of sale, a notice which fixes the day of sale thirty-three days from the date of the first publication is insufficient, and the sale made under such notice is void.

[2] QUIETING TITLE—ACTION BASED ON TAX TITLE—AFFIRMATIVE RELIEF—REIMBURSEMENT OF PLAINTIFF.—Where in an action to quiet title based on a tax deed the defendants sought affirmative relief quieting their title as owners against the plaintiff's claim, it was error to quiet the defendants' title without requiring them, as a condition of relief, to reimburse the plaintiff for the money expended in redeeming the property from the delinquent taxes.

APPEAL from a judgment of the Superior Court of Los Angeles County.   John W. Shenk, Judge.   Reversed.

The facts are stated in the opinion of the court.

John F. Poole and Hocker & Austin for Appellant

Overton, Lyman & Plumb and George W. Prince, Jr., for Respondents.

SHAW, J.—By a complaint in the usual form in such actions, plaintiff sued to quiet title to certain lots of real estate.   The answer denied the allegations of the complaint and alleged that title was vested in defendants, who, as against plaintiff, prayed for a decree quieting the same.

Judgment went for defendants as prayed for, from which plaintiff appeals.

Defendants, in whom title to the property was at the time vested, failed to pay the taxes thereon for the fiscal year

2. Reimbursement of taxes paid by purchaser, as a condition against equitable relief against invalid tax title, notes, 16 **Ann. Cas.** 803; **L. R. A.** 1915C, 492.

of 1912; whereupon the property was sold to the state. Thereafter proceedings were had and taken which, on the eighth day of July, 1918, resulted in a sale of the property made by the tax collector to plaintiff, who, upon redeeming the property from delinquent taxes accruing subsequent to the year 1912, as provided in section 3771 of the Political Code, received a deed to the same, executed by the tax collector. Plaintiff's title, therefore, is made to depend upon the validity of the proceedings under which the tax deed was executed.

Appellant urges two grounds upon which he bases his claim for a reversal of the judgment: First, that the court erred in holding the publication of the notice of sale to be insufficient; and, second, that in no event were defendants entitled to a decree quieting their title, except upon reimbursing plaintiff for tax levies made for the years subsequent to 1912, so paid by him, and the validity of which is not questioned.

[1] As to the first point, it appears that, in accordance with the statute, the property was duly sold to the state in 1913 for delinquent taxes accruing thereon for the year 1912; that in the absence of any redemption of the property from said sale the county tax collector caused to be published in the "Los Angeles Daily Journal," which was a newspaper published in the county wherein the land is situated, a notice of the fact that said property was delinquent in the payment of taxes for the years succeeding the sale thereof and designated the property as having been sold to the state in 1913 for delinquent taxes of 1912, and that unless such taxes, together with costs and penalties, were paid, the property would be sold; all as provided in sections 3764 and 3765 of the Political Code. While this notice was, as required by section 3766, published for three successive weeks, to wit, on the fifth, twelfth, and nineteenth days of June, 1918, it specified July 8, 1918, as the day on which the sale would be made. It thus appears that the notice fixed the day of sale thirty-three days from the date of the first publication of the notice, which was in direct violation of the provisions of section 3767 of the Political Code, which provides that the day of sale must be not less than twenty-one nor more than twenty-eight days from the time of the first publication of the notice. In order to

divest an owner of his property by a sale thereof for taxes the law requires a strict compliance with every statutory provision enacted for his benefit. The legislature has seen fit to provide that such sales shall be made within a specified time after the first publication of the notice, and there can be no deviation from the rule which requires a strict compliance with such a provision. The rule is so well settled and of such universal application that it would seem an idle act to cite authorities in support thereof. However, see *Los Angeles Olive Growers' Assn.* v. *Pozzi,* 167 Cal. 454, [140 Pac. 581]; *Holland* v. *Hotchkiss,* 162 Cal. 366, [L. R. A. 1915C, 492, 123 Pac. 258]; *Bank of Lemoore* v. *Fulgham,* 151 Cal. 234, [90 Pac. 936]; *Warden* v. *Broome,* 9 Cal. App. 172, [98 Pac. 252]. It follows that since the sale of the property was made more than twenty-eight days from the time of the first publication of the notice, plaintiff by reason thereof acquired no title to the property, and that the deed so executed to him by the tax collector is void.

[2] As to the second point, it appears that at the time of the sale of the property there was due and unpaid to the state on account of taxes for the subsequent years, including penalties, interest, and costs, the sum of $104.14, which plaintiff, as a precedent condition of receiving the deed on account of his purchase, paid, thus, as provided in section 3771 of the Political Code, redeeming the property from taxes the validity of which is conceded. Notwithstanding such redemption of the property so made by plaintiff, the court, in response to defendants' prayer for affirmative relief based upon the allegations of their answer, rendered judgment not only denying plaintiff's asserted title to the property, but declaring the same was vested in defendants, whose title as against plaintiff was quieted, all without requiring defendants, as a condition of granting the relief sought, to reimburse plaintiff for the money expended in redeeming the property from delinquent taxes.

In so doing the court erred. As said in *Moyer* v. *Wilson,* 166 Cal. 261, [135 Pac. 1125]: "Where the purchaser under a sale which is not effective to pass title proceeds against the owner, the latter may stand upon his strict legal rights, and defend his title without tendering payment of any tax." Defendants, however, did not restrict themselves merely to a defense of their title, but, as they were entitled to do, by

answer asserted title in themselves and prayed for affirmative relief, thus bringing themselves within the rule announced in *Holland* v. *Hotchkiss,* 162 Cal. 366, [L. R. A. 1915C, 492, 123 Pac. 258], which is that "where the owner comes into equity asking equitable relief to remove or cancel a tax deed or sale as a cloud upon his title, or to obtain a judgment which, in effect, will invalidate such sale or deed, the court should refuse any relief except upon the condition that he first repay to the tax purchaser, . . . the taxes, penalties, interest, and costs justly chargeable upon the land and which the purchaser has paid at the sale, or afterward upon the faith of it, with legal interest from the time of such payment, less rents received, if any, if the purchaser has been in possession." This rule is applicable to actions instituted under section 738 of the Code of Civil Procedure (*Holland* v. *Hotchkiss, supra*), where each party may be an affirmative actor in his own right. (*Klumpke* v. *Henley,* 24 Cal. App. 35, [140 Pac. 289, 313].) While in the instant case defendants did not initiate the suit, but were haled into court by plaintiff in an action to quiet his asserted title, nevertheless defendants, by seeking affirmative relief instead of confining themselves merely to defensive matter, come within the rule thus laid down as fully as though they had in the first instance brought an action under the provisions of section 738 to have their title quieted and plaintiff enjoined from asserting any interest in the land.

Our conclusion, therefore, is that, while the sale made to plaintiff was void by reason of the irregularity in the publication of notice thereof, the defendants were not entitled to judgment quieting their title and enjoining plaintiff from asserting an interest in the land, save and except upon reimbursing plaintiff for the amounts paid by him in redeeming the property from delinquent taxes, as to the validity of which no attack is made.

The judgment is reversed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 11, 1920.

All the Justices concurred, except Sloane, J., who was absent.