[Civ. No. 8217. First Appellate District, Division Two.—February 11, 1932.]

RALPH L. NOBLE, Appellant, v. JOSEPHINE BLAN-CHARD et al., Respondents.

RALPH L. NOBLE, Appellant, v. SOUTHERN CALIFOR-NIA BOND AND FINANCE COMPANY (a Corpora-tion) et al., Respondents.

C. A. Ballreich and Victor R. Hansen for Appellant.

Charles S. McKelvey for Respondents.

STURTEVANT, J. — The transcript on appeal contains two separate appeals which are set forth in the order stated in the above title. In the briefs counsel discuss the appeals in the reverse order. We will follow the order contained in the briefs.

*Noble* v. *Southern California Bond and Finance Co.,* Los Angeles Record No. 219043.

This is an action brought to set aside a judgment alleged to be void. The judgment under attack was a judgment foreclosing a street assessment lien. It was entered on August 29, 1924. The action to set aside the judgment was commenced March 9, 1927. The plaintiff named as defendants in this action Southern California Bond and Finance Company, the plaintiff in the foreclosure action and Josephine Blanchard, the purchaser at the commissioner's sale under execution. The company filed a disclaimer. Josephine Blanchard filed an answer. The court made findings in favor of the defendant and from the judgment entered thereon the plaintiff appealed. ■ It will suffice to state that the record discloses the fact that satisfaction of the judgment of foreclosure was entered on October 1, 1924, and that there was nothing before the trial court in this action but a moot question. (1 C. J. 973; 15 C. J. 783; *People* v. *Pratt,* 30 Cal. 223.) Therefore the trial court did not err in entering a judgment in favor of the defendant, but the judgment as entered should not have been on the merits. It should have been a judgment of dismissal. (1 C. J. 975.)

Furthermore, every issue tendered in this action which has any materiality can be, and was, presented in action No. 199227, which we have discussed below.

The judgment is reversed and the trial court is directed to enter a judgment of dismissal.

*Noble* v. *Blanchard,* Los Angeles Record No. 199227.

This is an action to quiet title. In his complaint the plaintiff inserted the usual allegations of a complaint in an

action to quiet title and he went further. He inserted what he understood to be the claims of the defendant. The defendant answered by setting forth three defenses. In the first defense she pleaded numerous denials, some admissions, and some allegations of new matter. Then she pleaded what she termed affirmative defenses. The plaintiff interposed demurrers to the affirmative defenses. The demurrers were sustained. The trial court made findings in favor of the defendant and from a judgment entered thereon the plaintiff has appealed.

In substance the court found that the plaintiff's father purchased the land in controversy under a contract of purchase from Rudecinda F. S. de Dodson in 1918; that the plaintiff's father resided in Crowley, state of Colorado; that since the said purchase plaintiff's father and mother have both died and that plaintiff is the sole heir; that prior to the death of the plaintiff's father, all payments having been made, a deed to the property was made to him and it was received at his home in Colorado, but was not recorded until the nineteenth day of June, 1926; that since the contract to purchase was executed, plaintiff and his parents have been the sole owners and in possession of the property; that except as noted below the plaintiff and his parents have paid all of the taxes assessed against the property; that after the purchase of said property a street assessment proceeding was commenced; that two bonds were issued against said property; that said bonds were duly assigned to Southern California Bond and Finance Company and that on April 24, 1924, said assignee commenced an action against R. F. Dodson for the purpose of foreclosing the assessment lien; that a decree in said action was entered on the twenty-ninth day of August, 1924, and that a sale was had by a commissioner and Josephine Blanchard became the purchaser.

Finding No. VI was as follows: "That in said action, R. F. Dodson, and One Doe, Two Doe and Three Doe, were named as defendants. That the summons in said action was served on Rudecinda F. S. de Dodson, sued under the name of R. F. Dodson, and the cause was dismissed as to all of the other defendants except Rudecinda F. S. de Dodson, and a default was taken as to said Rudecinda F. S. de Dodson, sued as R. F. Dodson; and the said decree

after hearing thereon on said default was rendered directing the said property to be sold in accordance with law. That at the time the said suit was brought the said property stood of record in the office of the County Recorder of Los Angeles County, in the name of Rudecinda F. S. de Dodson.'' The plaintiff attacks all of that paragraph except the last sentence. The attack is clearly correct as there is not a word of evidence to support any portion of the part so attacked. The plaintiff produced the files in the action entitled *Southern California Bond and Finance Corporation* v. *R. F. Dodson.* Those files disclosed the fact that in the complaint and summons the defendant was designated R. F. Dodson and referred to as a man. In the affidavit of service it recited that the service was made on R. J. Dodson. The default of R. F. Dodson was entered. The judgment recites that service was made on R. F. Dodson and in terms the judgment is against R. F. Dodson. It was stipulated that prior to the twenty-fourth day of April, 1924, the record title stood in Rudecinda F. S. de Dodson, a married woman. The uncontradicted evidence introduced was that the complaint and summons were never served on Mrs. de Dodson, and that they were served on James H. Dodson, Jr.

Continuing, the plaintiff claims that the trial court never acquired jurisdiction in the foreclosure suit to render any decree because the summons was not served on M. A. Noble, the owner, nor on Rudecinda F. S. de Dodson, the person in whose name the property stood of record. The claim is well founded. (2 Deering's Gen. Laws 1923, Act 8199, p. 3372, sec. 79; *Page* v. *W. W. Chase Co.,* 145 Cal. 578 [79 Pac. 278].)

Finding No. VII was as follows: ''The court further finds that R. F. Dodson is not a fictitious or pretended person and that the said decree was not made without service of summons, and that said decree was not wholly or at all void, and that the court did acquire jurisdiction to render said judgment and a decree, and that the sale thereunder was held in accordance with law, and was in no wise void, or of no force and effect.'' The plaintiff asserts that said finding is not supported by the evidence. The assertion is well founded. There was no evidence as to whether R. F. Dodson was or was not a fictitious person. There was

no evidence that the court acquired jurisdiction to render the said decree.

Finding No. XIII was as follows: "The court finds that in August, 1919, a deed for the real property described in the complaint herein was issued to M. A. Noble of Olney Springs, Colorado, but that said deed was not recorded in the office of the County Recorder until on or about the 19th day of June, 1926; and that the plaintiff herein and the cause of action sought to be maintained by him, is barred by his laches and negligence in failing to record said deed." The plaintiff attacks the last clause of that paragraph. We think that the attack is well made. At common law no obligation existed compelling a grantee to record his deed. The common-law rule has been changed, but the extent of the change is expressed in the statute. (Civ. Code, sec. 1213 et seq.) The finding, as made, imports a new element not contained in the statute. Instead of laches being a proper ground of attack it has been held that an unrecorded deed is valid against all the world, save those persons mentioned in the statute. (22 Cal. Jur. 623.)

The plaintiff made the same points in the trial court when presenting a motion for a new trial. However, his motion was denied. He claims the ruling was erroneous. For the reasons shown above we think it was.

The defendant is in error in contending that the plaintiff's complaint failed to state a cause of action. In so far as the complaint purported to state the claims of the defendant, such statements were improperly inserted and on motion would have been stricken. The right rested with the defendant to plead her defenses in her own words. If the plaintiff desired to attack the defenses so set up by the defendant he had his remedy. (Code Civ. Proc., sec. 462; *Moore* v. *Copp*, 119 Cal. 429 [51 Pac. 630].) But he had no right to anticipate any defenses. The mere fact that he did so did not make his complaint insufficient.

The defendant calls to our attention her testimony that prior to the commencement of this action she had conveyed the property to another. That testimony was not addressed to any issue made by the pleadings. Moreover, the witness did not produce the deed, she did not give its date, nor did she give the name of the grantee. The court made

findings and conclusions of law that defendant is the owner. The defendant has not appealed and may not complain.

The plaintiff in his complaint made an offer to do equity and to reimburse the defendant for the amount of the assessment and interest. In his brief he repeats the offer and supports it by authorities. The defendant is silent on the subject. We see no frailty in the offer. (10 Cal. Jur. 513; *Couts* v. *Cornell,* 147 Cal. 560, 563 [109 Am. St. Rep. 168, 82 Pac. 194].)

The judgment is reversed.

Nourse, P. J., and Spence, J., concurred.