[Civ. No. 832. Fourth Appellate District. July 25, 1933.]

W. T. CARTER, Appellant, v. RAY W. BAKER, as Tax Collector, etc., et al., Respondents.

Strother P. Walton for Appellant.

J. P. Bernhard and Frank Kauke for Respondents.

MARKS, J.—This is an appeal from a judgment in favor of the respondent Tax Collector of Fresno County and his

surety in an action for damages resulting from the giving of a defective tax deed to appellant. The complaint contains two causes of action. The first alleges that the Tax Collector failed and refused to execute and deliver to appellant any deed after he had become the purchaser at a tax sale. The second alleges that the Tax Collector gave appellant a void deed which conveyed no title to him and refused to give him a correction deed after the defects in the first deed were discovered.

Joseph L. Chevalier owned the property in question and failed to pay the second installment of taxes for the fiscal year 1921–1922. The Tax Collector sold the property to appellant in 1927 and gave him a deed to the property. Appellant then started suit to quiet title to the property, which resulted in a judgment in favor of Chevalier upon the payment of $42.70 into court for appellant, the amount of the taxes, penalties, costs and interest. This judgment was affirmed on appeal September 16, 1929. (*Carter* v. *Chevalier*, 100 Cal. App. 567 [280 Pac. 706].) The court held the tax deed void. On November 22, 1929, appellant received the $42.70 from the county clerk, and on December 4, 1929, the further sum of $126.99 from the county of Fresno, this being the balance of the sum he had paid at the tax sale. About March 4, 1929, appellant made demand on the Tax Collector for the execution of a correction tax deed, which demand was refused. This action was commenced on November 27, 1929.

From the view we take of the case it is not necessary for us to discuss the possibility of liability on the part of a tax collector to respond in damages for the execution of a tax deed so defective in form that it is void.

It is elemental that to recover, the appellant must prove that he suffered damage as a result of the defective tax deed. Conversely, if the tax deed had been legal in form he still would suffer no damage unless it would vest in him some interest in the property it purported to convey. On this question the evidence shows he proved the execution of the void deed and the market value of the property and nothing more.

An owner may defeat the effect of an apparently valid tax deed by proving that the land was not assessed as required by law (*De Frieze* v. *Quint*, 94 Cal. 653 [30

Pac. 1, 28 Am. St. Rep. 151]); that the tax sale was not made at the proper time or as required by law (*Bernhard* v. *Wall*, 184 Cal. 612 [194 Pac. 1040]); that notice thereof was not properly given (*Smith* v. *Furlong*, 160 Cal. 522 [117 Pac. 527]). In *Ramish* v. *Hartwell*, 126 Cal. 443 [58 Pac. 920, 922], it was said: "It may be regarded as settled that the legislature may make a tax deed conclusive evidence of a compliance with all provisions of the statute which are merely directory of the mode in which the power of taxation may be exercised, but that it cannot make it conclusive evidence of those matters which are essential to the exercise of the power; that as to those steps which are jurisdictional in their nature, and without which the power of taxation cannot be called into exercise—such as the listing or assessment of the property, a levy of the tax, some notice of its delinquency, and that the property will be sold therefor—the legislature cannot deprive the owner of the right to show want of compliance. Mr. Cooley says (Cooley's Constitutional Limitations, 452): 'A statute which should make a tax deed conclusive evidence of a complete title, and preclude the owner of the original title from showing its invalidity, would be void, because being not a law regulating evidence, but an unconstitutional confiscation of property.'"

This being an action for damages resulting from the giving of a void tax deed, and the deed having been held void by the courts of the state, appellant should have introduced evidence to establish the legality of the proceedings upon which the deed was based in order to support the conclusion that by the defects in the deed he lost the value of an interest in the property which it described.

Appellant urges that the Tax Collector should have acceded to his demand of March 4, 1929, and have given him a correction deed, valid on its face. In 24 California Jurisprudence, 371, it is said: "When a tax deed does not conform in its recitals to the facts, the tax collector may, without special statutory authorization, execute a second and corrected deed, but he has no power to execute a deed which misstates the facts respecting proceedings prior to its execution." There is no evidence in the record which would justify the conclusion that the facts of the tax proceeding were such that the Tax Collector could have executed a

valid correction deed without misstating these facts. This he is not required to do.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 21, 1933, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 22, 1933.