[L. A. No. 17217. In Bank. Jan. 26, 1942.]

DISTRICT BOND COMPANY (a Corporation), Plaintiff, v. FLORENCE POLLACK et al., Defendants; MARCUS ZASLAW, Intervener and Respondent; E. W. JOHNSON, Appellant.

R. L. Carlisle for Appellant.

Paul Magasin and Charles H. Heustis for Respondent.

TRAYNOR, J.—In 1935, appellant, defendant in intervention in the court below, purchased certain real property located in Burbank, California, and went into immediate possession. In 1936 an action was brought to foreclose a sewer bond outstanding against the property. Appellant was not made a party to this action and had no actual or constructive

notice thereof. A judgment of foreclosure was entered, pursuant to which a sale was held. The property was purchased at the foreclosure sale by Eva Zaik, and a commissioner's certificate of sale was issued to her. Eva Zaik assigned this certificate of sale to respondent, plaintiff in intervention in the court below, who secured a commissioner's deed to the property. Respondent paid Eva Zaik the amount bid at the foreclosure sale, paid delinquent taxes on the property, and costs. In the following year he paid the current taxes on the property. The various expenditures amounted to $656.81.

In 1937 the District Bond Company filed an action to foreclose a street improvement bond outstanding against the property. Respondent obtained leave to file a complaint in intervention, wherein he claimed to be the owner of the property by virtue of the deed obtained pursuant to the prior foreclosure proceeding, offered to pay the Bond Company's lien, and asked that his title be quieted as against appellant, who was named as defendant in intervention. Respondent's ownership of the property was denied by appellant, who asked in his answer that title be quieted in his favor against respondent.

The trial court found that the sewer bond foreclosure proceeding was ineffective as to appellant because he had no notice thereof. It decreed that title to the property should be quieted in appellant's favor and that appellant pay to respondent the $656.81 expended by respondent in payment of the sewer bond and the taxes against the property on condition that respondent deed all his interest in the property to appellant, respondent to have a lien against the property for this amount.

Appellant appeals from that part of the judgment ordering the payment to respondent of the sums expended by him and providing for a lien against the property.

 The assessment represented by the sewer bond created a lien against the property binding upon all subsequent owners until the bond was paid. (Street Improvement Act of 1911, secs. 66, 75, 63; Stats. 1911, page 730; 2 Deering's General Laws, 1937, Act 8199, secs. 66, 75, 63.) Appellant therefore acquired the property in question subject to the assessment lien already existing against it. The proceeding to foreclose this lien could not operate to divest appellant of his ownership because he was not made a party to the proceeding and received no notice thereof. (*Lee* v. *Silva,* 197 Cal. 364 [240 Pac. 1015]; *Page* v. *W. W. Chase Co.,* 145 Cal.

578 [79 Pac. 278]; *Noble* v. *Blanchard,* 120 Cal. App. 664 [8 Pac. (2d) 523].) The commissioner's certificate of sale and the commissioner's deed issued to respondent by virtue of the foreclosure sale were ineffective to pass to respondent full title to the property. Respondent, however, by his purchase obtained the lien, which continued to exist against the property. (*Burns* v. *Hiatt,* 149 Cal. 617, 620 [87 Pac. 196, 117 Am. St. Rep. 157]; *Tutt* v. *Van Voast,* 36 Cal. App. (2d) 282 [97 Pac. (2d) 869]; *Warden* v. *Barnes,* 111 Cal. App. 287, 292 [295 Pac. 569]; *Chapman* v. *Rudolph,* 58 Cal. App. 233 [208 Pac. 370]; Street Improvement Act of 1911, sec. 75, 2 Deering's General Laws, 1937, Act 8199, sec. 75.) The transaction amounted to a transfer to him of the assessment lien for value, and in no way prejudiced the rights of appellant who continued to own the property subject to the lien. (*Ibid.*)

Respondent, acting not as a volunteer, but to protect his interest in the property, paid the taxes, past and current, and was thereby subrogated to the tax liens against the property. (See cases cited in 16 Cal. Jur. 349-351, secs. 48, 49.) The trial court therefore properly adjudged respondent to have a lien against the property for the full amount of his expenditures.

Appellant contends that the relief afforded respondent was outside the issues raised by the pleadings. Appellant, however, in his answer affirmatively requested the trial court to quiet title to the property in his favor. (*Islais etc. Water Co.* v. *Allen,* 132 Cal. 432 [64 Pac. 713]; *Hough* v. *Wright,* 127 Cal. App. 689 [16 Pac. (2d) 301]; *Brooks* v. *White,* 22 Cal. App. 719 [136 Pac. 500]; *Beck* v. *Wilson,* 49 Cal. App. 281 [193 Pac. 158]; *Green* v. *Palmer,* 68 Cal. App. 393 [229 Pac. 876].) A party who requests equitable relief must satisfy the equitable claims interposed by the opposing party. (*Lanktree* v. *Lanktree,* 6 Cal. (2d) 120 [56 Pac. (2d) 943]; *Jeffords* v. *Young,* 98 Cal. App. 400, 406 [277 Pac. 163].) The trial court could not quiet appellant's title to the property without protecting the interests of respondent therein. (*Ellis* v. *Witmer,* 134 Cal. 249, 253 [66 Pac. 301]; *Holland* v. *Hotchkiss,* 162 Cal. 366 [123 Pac. 258, L. R. A. 1915c, 492]; *Warden* v. *Barnes, supra; Jeffords* v. *Young, supra; Sawyer* v. *Berkeley Securities Co.,* 99 Cal. App. 545 [279 Pac. 217]; *Beck* v. *Wilson,* 49 Cal. App. 281 [193 Pac. 158]; *Colkins* v. *Doolittle,* 45 Cal. App. 776, 780 [188 Pac.

601]; *Cordano* v. *Kelsey,* 28 Cal. App. 9, 22-24 [151 Pac. 391, 398]; *Stege* v. *Richmond,* 194 Cal. 305, 319 [228 Pac. 461], writ of error dismissed, 273 U. S. 648 [47 Sup. Ct. 245, 71 L. Ed. 821]; *Marysville Woolen Mills* v. *Smith,* 178 Cal. 786, 792 [175 Pac. 13]; *Hurt* v. *Pico Investment Co.,* 127 Cal. App. 106, 113 [15 Pac. (2d) 203].)

The judgment is affirmed.

Gibson, C. J., Shenk, J., Curtis, J., Edmonds, J., Houser, J., and Carter, J., concurred.