[Civ. No. 15194. Second Dist., Div. Two. Feb. 28, 1946.]

CHARLES B. ROMA et al., Appellants, v. ELBERT, LTD. (a Corporation), Respondent.

Howland and Prindle for Appellants.

John F. Bender and G. Loshoncy for Respondent.

WILSON, J.—Plaintiffs, claiming title through a quitclaim deed from the trustees of a dissolved corporation and a tax deed from the State of California, brought this action to quiet title to real property. This appeal is from a judgment quieting defendant's title against the claims of plaintiffs.

1. *The effect of the quitclaim deed.* █ There was no evidence that title to the property, or any interest therein, was vested in the corporation or in its trustees. Over the objection of respondent to the introduction of the quitclaim deed on that ground the court admitted it in evidence dependent on the establishment of the grantor's title. Not only was this evidence not supplied but it was shown that such interest, if any, as may have been vested in the corporation, or its trustees, had been acquired by respondent through a commissioner's deed issued as the result of the foreclosure of a street improvement bond prior to the execution of the quitclaim deed.

2. *The effect of the tax deed.* █ The court sustained the objection of respondent to the admission in evidence of the tax deed from the state on the ground that the proper foundation had not been laid in that it had not been shown that the state had acquired title to the property. The court was correct in its ruling. (*Swann* v. *Carson,* 56 Cal.App.2d 502 [132 P.2d 863] and cases there cited.)

█ Section 3711 of the Revenue and Taxation Code and the sections of the Political Code from which it is derived, relied on by appellants, provide that the deed is "conclusive evidence of the regularity of all proceedings from the assessment of the assessor to the execution of the deed, both inclusive." That section refers only to the regularity of the taxing procedure and does not purport to declare that the deed received by a purchaser from the state is evidence that the property had previously been deeded to the state. The Legislature cannot make a tax deed conclusive evidence of matters that are essential to the exercise of the taxing power, that is, as to the steps that are jurisdictional in their nature. (*Ramish* v. *Hartwell,* 126 Cal. 443, 448 [58 P. 920]. See, also, *Carter*

v. *Baker*, 133 Cal.App. 430, 432 [24 P.2d 539].) ▉ The state cannot convey title that it does not possess. A deed to the state is a jurisdictional prerequisite to its right to execute a deed to a purchaser at a tax sale. Appellants made no offer of proof that the state had received a deed to the property in question. If such a deed existed it was a matter of public record and could have been readily produced and offered in evidence. The record does not disclose that any request was made to the court for an opportunity to produce the missing document.

3. *The failure of the court to require reimbursement to appellants for taxes paid.* ▉ Appellants paid taxes on May 15, 1944, in the amount of $800 and received a receipt therefor which was surrendered to the County Tax Collector when the tax deed was delivered to them. The decree quiets respondent's title against all claims of appellants but does not require that they be reimbursed for the taxes paid by them. In this the court was in error.

Respondent might have rested on the invalidity of appellants' title and defeated the action without the necessity of repaying the taxes. (*Moyer* v. *Wilson*, 166 Cal. 261, 264 [135 P. 1125].) It was not content to resist appellants' action but in its answer respondent denied their title and affirmatively alleged its own title as having been acquired by reason of the separate foreclosure of two street improvement bonds. The answer prayed for a decree that respondent was the owner of the property and that appellants had no right, title or interest therein. Evidence was offered in support of said allegations, following which the court made findings in accordance therewith and rendered a judgment quieting respondent's title against all claims of appellants.

By the decree as rendered respondent obtained its title free and clear of the taxes that were due and unpaid on the property when it was acquired by foreclosure and which, but for the payment by appellants, respondent would have been required to pay. ▉ Payment of the taxes, penalties, and costs is a condition precedent to receiving a tax deed. ▉ Where equitable relief is sought by a property owner against a purchaser at a tax sale the party seeking relief must do equity, and the repayment of the amount of the taxes paid by the purchaser at the tax sale does no more than satisfy the equitable requirement. This rule obtains where the property owner as plaintiff initiates an action seeking relief against

the tax deed (*Holland* v. *Hotchkiss*, 162 Cal. 366, 375 [123 P. 258, L.R.A. 1915C 492]; *Campbell* v. *Canty*, 162 Cal. 382, 384 [123 P. 266]), or where the holder of a tax deed is plaintiff and the defendant denies the validity of the tax title and seeks affirmative relief against the same. (*Beck* v. *Wilson*, 49 Cal.App. 281, 284 [193 P. 158]; *Jones* v. *Sturzenberg*, 59 Cal.App. 350, 359 [210 P. 835].)

Respondent claims that it is not liable for repayment of taxes because there is no evidence that any taxes against the property were unpaid. It is presumed that taxes were due and unpaid, otherwise the property would not have been sold for their nonpayment. Appellants could not have received a deed from the tax collector without the payment of all taxes then unpaid, and it will be presumed that they paid them. It is presumed "That official duty has been regularly performed." (Code Civ. Proc., § 1963, subd. 15.) Appellant Charles B. Roma testified, in response to questions: "I paid the taxes up to date. . . . I paid taxes on May 15th, 1944. He [the Tax Collector] gave us only a receipt at that time, and later on we went back and surrendered the receipt." He further testified that he paid $800 to the tax collector and received from him the tax deed, to which we have previously referred.

The decree quieting title in favor of respondent and against appellants cannot be disturbed, except to impose the condition hereinafter set forth, but the error in failing to require repayment of the taxes paid by appellants necessitates a modification of the judgment.

It is ordered that the judgment be and it is modified by adding thereto the following: "This judgment is made upon the express condition, anything hereinbefore to the contrary notwithstanding, that the defendant shall pay to plaintiffs, or deposit in court to be paid to plaintiffs on demand, the sum of $800, with interest thereon from May 15, 1944, the same to be in satisfaction of all claims of plaintiffs by reason of the sum paid by them at the sale of said land to them by the Tax Collector of Los Angeles County for the State of California, and in satisfaction of the taxes for which said land was sold to the State by said Tax Collector preceding said payment by plaintiffs, and until such payment is made this judgment shall have no force in favor of said defendants."

As so modified the judgment is affirmed, appellants to recover their costs on appeal.

Moore, P. J., and McComb, J., concurred.