[Civ. No. 13239.   First Dist., Div. Two.   Feb. 19, 1948.]

IRVING B. LITCHFIELD et al., Respondents, v. COUNTY OF MARIN et al., Defendants; GEORGE MIDDLETON, Appellant.

Erskine & Erskine, A. P. Black and M. Anderson Thomas for Appellant.

Freitas, Duffy & Keating for Respondents.

DOOLING, J.—This is an appeal by the defendant George Middleton only from a judgment quieting title in the several plaintiffs, holders of tax deeds, to several lots in Forbes Subdivision No. 3, city of San Rafael, county of Marin, state of California, formerly assessed to Beatriz Michelena Middleton, appellant's wife, who died in October, 1943. The situation as to the several plaintiffs and properties, delinquent since the year 1928, is identical.

In his answer appellant denied the alleged title and possession of the plaintiffs and claimed an interest in the properties as owner, either as the surviving husband of Beatriz Michelena Middleton or as her sole heir at law. Defendant Thomas P. Boyd, administrator of the estate of said Beatriz

Michelena Middleton alleged in his answer title and possession in said estate. The other defendants, county of Marin and city of San Rafael, disclaimed interest.

The trial took place on May 5, 1945, notwithstanding request for continuance of appellant and his attorney on the ground that the latter was not in fit condition to prepare and try the case and that appellant had not succeeded in engaging other counsel. However, the trial had been postponed from March 17th to April 20th, and from April 20th to May 5th, on those same grounds.

At the trial tax deeds executed by the collector of the county of Marin to the plaintiffs were introduced and identified. They were admitted subject to a motion to strike on the ground that the sale of the tax property was irregular and in general subject to later attack on the validity of these deeds on future motion, but at the end of the short trial the trial judge immediately rendered judgment for plaintiffs, without any such motion or further objection having been made by appellant.

Plaintiffs' attorney stated to the court from the record of the tax collector of Marin County that the property was sold to the state on June 22, 1929, for taxes of 1928, sale No. 369 and deeded to the state July 19, 1934, deed No. 66 but failed to introduce said deed or a certified copy of it into evidence, relying on section 3711 of the Revenue and Taxation Code which provides with respect to the deed from the state to the purchaser: "Except as against actual fraud, the deed duly acknowledged or proved is conclusive evidence of the regularity of all proceedings from the assessment of the assessor to the execution of the deed, both inclusive."

In this reliance plaintiffs were mistaken. In *Roma* v. *Elbert, Ltd.*, 73 Cal.App.2d 338 [166 P.2d 294], at page 340, it is said with respect to the scope of section 3711 of the Revenue and Taxation Code: "That section refers only to the regularity of the taxing procedure and does not purport to declare that the deed received by a purchaser from the state is evidence that the property had previously been deeded to the state. The Legislature cannot make a tax deed conclusive evidence of matters that are essential to the exercise of the taxing power, that is, as to the steps that are jurisdictional in their nature. (*Ramish* v. *Hartwell*, 126 Cal. 443, 448 [58 P. 920].) See, also, *Carter* v. *Baker*, 133 Cal.App. 430, 432 [24 P.2d 539]. The state cannot convey title that

it does not possess. A deed to the state is a jurisdictional prerequisite to its right to execute a deed to a purchaser at a tax sale.'' Therefore by introducing into evidence merely a tax deed from the state, the plaintiffs failed to establish title in themselves. (*Swann* v. *Carson,* 56 Cal.App.2d 502 [132 P.2d 863]. See, also, *DeFlon* v. *Van Lue, ante,* p. 288 [188 P.2d 301].)

Respondents' contention that appellant cannot on appeal rely on the insufficiency of the proof of title, because he did not object at the trial to the introduction of the deeds from the state to respondents on the ground that no proper foundation had been laid for their introduction, is without merit. The lack of such objection may prevent appellant from arguing that these deeds were not properly part of the record but it cannot confer on the deeds evidentiary force with respect to the title of the state denied to them by the authorities.

Neither is there merit in the contention that the defect in the proof of title was obviated by admissions made by appellant when heard as a witness. The admissions were to the effect that appellant knew that the lots were delinquent, that they were sold to the state for taxes some years before, that they had never been redeemed and that there was going to be a sale of these lots on September 18, 1944. The admission that appellant knew of the sale to the state does not imply an admission that a deed was made to the state, an act to be performed not less than five years after the sale (Rev. & Tax. Code, § 3476), nor does the admission of knowledge of the intended sale imply admission of fulfillment of any prerequisite of the legality of such sale.

As the defect in the proof of title requires a reversal and new trial, we do not think it advisable to give our opinion as to appellant's further contention that the notice of the tax sale given by the tax collector, as shown by the evidence on this trial, did not comply with the code provisions. It may be expected that the evidence as to this point on the new trial will be more ample than that now before us.

We do not find in the record any abuse of discretion of the trial judge as to the setting or the conduct of the trial.

Judgment reversed.

Nourse, P. J., and Goodell, J., concurred.