[Civ. No. 406. Third Appellate District.—January 4, 1908.]

## PERRY C. PHILLIPS, Appellant, v. E. T. COX and ELISE ZIMMERMAN, Respondents.

TAX TITLE UNDER STATE—OBJECTIONS CONCLUDED BY AUTHORITY.— Where the state had acquired a tax title under a certificate of sale and deed, which had passed from the state to defendants, in an action to quiet title, who had prevailed in the action, all objections to the tax title covered by the decisions of the supreme court in *Baird* v. *Monroe,* 150 Cal. 560, [89 Pac. 352], and *Bank of Lemoore* v. *Fulgham,* 151 Cal. 234, [90 Pac. 936], are concluded by the authority of those cases.

ID.—RECITALS IN CERTIFICATE AND DEED TO STATE—SALE FOR "DELINQUENT TAXES."—*Held,* that the recitals in the certificate of sale and deed to the state that the sale was for "delinquent taxes," required in sections 3776 and 3785 of the Political Code, were substantially made as so required, the term "delinquent" being used in each in relation to the taxes for which the property was sold.

ID.—POWER OF LEGISLATURE TO MAKE DEED CONCLUSIVE EVIDENCE OF REGULARITY.—The legislature had power to make the deed to the state conclusive evidence of the regularity of all proceedings, which it might have dispensed with in the first instance.

ID.—POWER TO MAKE TAX COLLECTOR AGENT TO SELL STATE'S TITLE.— There is no constitutional objection to the power of the legislature to make the tax collector the agent of the state to sell its title to the highest bidder for cash.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order denying a new trial. W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

Charles G. Lamberson, E. T. Cosper, and Alfred Daggett, for Appellant.

The certificate of sale untruly stated the time for redemption, making it expire on a day on which the owner was entitled to redeem, and was invalid. A false recital vitiates. (*McKenzie* v. *Brandon,* 71 Cal. 219, 12 Pac. 428; Blackwell on Tax Titles, sec. 769; *Perham* v. *Kuper,* 61 Cal. 332; Pol. Code, sec. 3780; *Grimm* v. *O'Connell,* 54 Cal. 522, 524; *Hubbell* v. *Campbell,* 56 Cal. 527; *Anderson* v. *Hancock,* 64 Cal. 455, 2 Pac. 31; *Landregan* v. *Peppin,* 86 Cal. 122, 24 Pac. 859; *Hughes* v. *Cannedy,* 92 Cal. 382, 28 Pac. 573; *Simmons* v. *McCarthy,* 118 Cal. 622, 50 Pac. 761.) The sale was not merely for delinquent taxes, but includes penalties, costs and charges in one aggregate item, for which no sale is provided, and the excess vitiates section 3776, Political Code. (*Hubbell* v. *Campbell,* 56 Cal. 527; *Reed* v. *Lyon,* 96 Cal. 501, 31 Pac. 619; *Doland* v. *Mooney,* 79 Cal. 137, 21 Pac. 436; *Simmons* v. *McCarthy,* 118 Cal. 622, 50 Pac. 761.) The code does not make the deed conclusive, but only *prima facie* evidence of the facts recited. (Pol. Code, sec. 3895.) The attempt of the legislature to make the deed to the state conclusive evidence of the regularity of all other proceedings than those recited in section 3786 of the Political Code is unconstitutional and void. (Const., art. I, sec. 13; Cooley on Taxation, pp. 355, 356; 1 Blackwell on Tax Titles, sec. 640.) Lands acquired by the state for delinquent taxes are lands belonging to the state, and when, as in this case, the purchase is of lands arable and suitable for cultivation, the constitution absolutely limits the power of the state to dispose of it to any other person than an actual settler thereon, and the plaintiff being an actual settler, his rights as a settler are absolutely protected from infringement by any other disposition of the land in derogation of his rights. (Const., art. XVII, secs. 2, 3; *Fulton* v. *Brannan,* 88 Cal. 454, 26 Pac. 506; *Dillon* v. *Saloude,* 68 Cal. 270, 9 Pac. 162; *Manley* v. *Cunningham,* 72 Cal. 236, 13 Pac. 622; *Davidson* v. *Cucamonga Fruit Co.,* 78 Cal. 8, 20 Pac. 152; *McNee* v. *Lynch,* 88 Cal. 519, 26 Pac. 508; *McDonald* v. *Taylor,* 89 Cal. 42, 26 Pac. 595; *Belcher* v. *Farren,* 89 Cal. 73, 26 Pac. 791; *Goldberg* v. *Thompson,* 96 Cal. 117,

30 Pac. 1019; *Albert* v. *Hobler,* 111 Cal. 400, 43 Pac. 1104.) This particular constitutional question has not been passed upon adversely in any case. The provisions of the constitution are mandatory and prohibitory where not otherwise declared. (Const., art. I, sec. 22.) No construction is permissible against the express words of the constitution. (*Bourland* v. *Hildreth,* 26 Cal. 162; Cooley on Constitutional Limitations, 3d ed., pp. 55, 57, 58; *Oakland Paving Co.* v. *Hilton,* 69 Cal. 480, 11 Pac. 3; *Ewing* v. *Oroville Mining Co.,* 56 Cal. 654.) All grants of state lands are expressly required to be by patent. (Const., art. V, sec. 14.) The legislature is certainly powerless to repeal or evade the limitations of the constitution, nor have the courts any such power. (*Houghton* v. *Austin,* 47 Cal. 646; *Sheehy* v. *Shinn,* 103 Cal. 340, 37 Pac. 393; *Parker* v. *Otis,* 130 Cal. 326, 92 Am. St. Rep. 56, 62 Pac. 571, 927.)

W. W. Houston, and Hannah & Miller, for Respondents.

All of the contentions of appellant have been determined against them in the following cases: *Baird* v. *Monroe,* 150 Cal. 560, 89 Pac. 352; *Bank of Lemoore* v. *Fulgham,* 151 Cal. 239, 90 Pac. 936; *County Bank* v. *Jack,* 148 Cal. 442, 113 Am. St. Rep. 285, 83 Pac. 705; *Chase* v. *Trout,* 146 Cal. 350, 80 Pac. 81.

BURNETT, J.—This is an action to quiet title. Defendants relied upon a tax deed dated June 25, 1904, based upon a tax sale of June 24, 1899. The land was sold for delinquent state and county taxes for the year 1898. Defendants had judgment from which and the order denying his motion for a new trial plaintiff has appealed.

In his opening brief appellant assigns many grounds upon which, it is contended, the judgment should be reversed; but in his reply to respondents' citation of authorities he virtually admits that all the points made except two have been decided against him by the supreme court in the case of *Baird* v. *Monroe,* 150 Cal. 560, [89 Pac. 352], and *Bank of Lemoore* v. *Fulgham,* 151 Cal. 234, [90 Pac. 936], determined after the said opening brief was filed.

The two points from which he declines to recede and upon which he insists in the closing brief are: 1. That neither

the certificate of sale nor the deed stated that the property was sold for "delinquent taxes"; and 2. The statutory provisions which seem to justify the trial court's action, to wit, the act of the legislature making the tax collector's deed "conclusive evidence of the regularity of all other proceedings, from the assessment by the assessor, inclusive, up to the execution of the deed" and the legislative attempt "to provide a system by which the tax collectors of the counties of the state could grant to purchasers at public auction the real estate or property belonging to the state without regard to its condition or character as being suitable for cultivation or not" are unconstitutional and void.

As to the first point, sections 3776 and 3785 of the Political Code provide that the certificate of sale and the deed shall contain a statement that the property "was sold for delinquent taxes." We think there was a substantial compliance with this requirement of the law. The certificate recites the levy, assessment and equalization of the taxes, the amount of the tax on the property; "that said taxes were not, and have not been, paid, and at the time of sale hereinafter mentioned still remain wholly due and unpaid"; that on the day and hour fixed for the sale "all the property assessed and delinquent as aforesaid (describing it) was by operation of law and by my declaration as such tax collector, sold to the State of California as purchaser, in pursuance of law in such case made and provided, for the amount of said taxes of every kind charged against said property and penalties, costs and charges . . . and I do further certify that the said real estate last aforesaid was sold for taxes and subject to redemption pursuant to the statute in such cases made and provided"; and in the deed, among other things, it is recited that "all the property assessed and delinquent as aforesaid . . . was by operation of law and the declaration of said tax collector sold to the State of California, as purchaser, in pursuance of law in such cases made and provided, to pay said taxes of every kind charged against said property; . . . that the said real estate last aforesaid was sold for taxes and subject to redemption pursuant to the statute in such case made and provided," etc.

From the foregoing we think no one would have any difficulty in determining from either the said certificate or the deed that the property "was sold for delinquent taxes."

The second proposition is no longer an open question. It has been set at rest by the cases already cited and *Chase* v. *Trout*, 146 Cal. 350, [80 Pac. 81], and *County Bank* v. *Jack*, 148 Cal. 442, [113 Am. St. Rep. 285, 83 Pac. 705].

In the Bank of Lemoore case, referring to a certain memorandum which the assessor, by section 3680 of the Political Code, is required to make, the supreme court, through Mr. Justice Henshaw, said: "This memorandum was not made. The parties paying the subsequent taxes did not receive this notice that the property had been sold. It is urged that this was a notice which the law required to be given to the owner of the property, and that a failure to give this notice amounted to a deprivation by him of his property without due process of law, since the law had provided this means of notice. But section 3787 of the Political Code makes the deed from the state conclusive evidence upon the matter. Of course it is true that the legislature has not the power to make such a certificate or deed conclusive as to any of the essentials of the listing, valuation, apportionment or notice (Cooley on Taxation, pp. 355, 356; 1 Blackwell on Tax Titles, sec. 640), but it can make the certificate or deed conclusive as to matters or things which in the first instance the legislature might not have required to be done, and which are in their nature, therefore, nonessentials."

In the case at bar no essential matters were omitted.

Again, in the same opinion, it is said: "It is perfectly apparent from a reading of the constitutional provisions touching the public lands of the state, that lands, title to which might thus be acquired by the state for delinquent taxes, were never within its contemplation," and it is held that the state has full power to make the tax collector its agent and attorney in fact for the passing of the legal title.

We see no necessity for any further discussion, and the judgment and order are affirmed.

Chipman, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 2, 1908.