[Civ. No. 17583. Second Dist., Div. Three. Dec. 19, 1950.]

ELBERT, LTD. (a Corporation), Respondent, v. ALBERT EDWARD HALL et al., Defendants; STELLA L. EHRHARDT, Appellant.

210

Stella L. Ehrhardt, in pro. per., for Appellant.

Robert E. Rosskopf, John F. Bender and Gizella M. Loshoncy for Respondent.

WOOD (Parker), J.—In this action to quiet title to real property, defendant Mrs. Ehrhardt appeals from the judgment in favor of plaintiff.

In the complaint it was alleged that plaintiff is the owner and entitled to possession of Lot 18, Tract 1971, in Los Angeles County, California; that defendant Stella Ehrhardt claims some right, title or interest in said property; that said defendant has no right, title or interest therein. In her answer, the defendant denied the allegations of the complaint hereinabove set forth; and she alleged as a separate defense that she is the sole owner of said property and is entitled to the possession thereof. The answer was filed October 23, 1946. This appeal is presented upon a settled statement.

When the case was called for trial on July 1, 1949, defendant, appearing in propria persona, made a motion for a continuance upon the ground that she was not prepared for trial. The motion was denied and the trial commenced on that date. The plaintiff offered in evidence a certified photostatic copy of a deed executed by the tax collector as grantor, dated September 18, 1933, wherein it was stated that said property was conveyed to the state for the nonpayment of taxes for the year 1927. The plaintiff also offered in evidence a deed executed by the state as grantor, dated March 21, 1946, wherein it was stated that said property was sold and conveyed to the state for nonpayment of taxes, and that the state, acting through the tax collector, sold said property at public auction to plaintiff for $355, and that said property was granted to the plaintiff. Defendant objected to said offer upon the ground "that proper foundation had not been laid showing jurisdic-

tional prerequisites leading up to the sales, both to and from the State, had been complied with; stating that this defendant as last assessee had not been given notice of either sale and that she had no knowledge of said sales.'' The objection was overruled, the two deeds were received in evidence, and the plaintiff rested.

■ Defendant did not testify, but she offered in evidence her answer in an action in the superior court (No. 276252), filed in 1929, entitled *Los Angeles Bond and Securities Company* v. *Stella Ehrhardt* (which was an action to foreclose two street bond liens upon said property). According to the settled statement that answer was offered to prove that the property ''was illegally taxed in 1927; to prove that Barnes City lacked taxing authority in 1927.'' The settled statement does not show the ruling of the court regarding that offer, but it will be assumed that the offer was rejected. In any event the assertions of defendant in said answer, being merely allegations which defendant presumably intended to prove, did not constitute proof and said answer was not competent evidence.

■ Defendant then made a motion to amend her answer in the present case to include the said other answer which was in the 1929 case. The motion was denied. Whether or not the proposed amendment should have been allowed was a matter within the discretion of the trial court. The court did not err in denying the motion. ■ Defendant asserts that her ''rejected Exhibit 4'' was unimpeachable evidence proving that Barnes City lacked taxing authority and ''the taxes'' were excessive. (The document so referred to as ''Exhibit 4'' was a purported copy of parts of said answer in the 1929 case, which copy was offered at the hearing of defendant's motion for a new trial on August 30, 1949, when it was marked as Exhibit 4 for identification.) It was not competent evidence.

■ Defendant then made a motion that the present case be consolidated for trial with a pending quiet title action involving the same property, which case is entitled *Stella Ehrhardt* v. *State of California,* No. 476761 (filed in 1942). The motion was denied. As above indicated that prior case was filed about seven years before the trial of the present case was commenced. She asserts that the prior case so referred to is evidenced by her ''Exhibit 5.'' (That exhibit is a purported copy of the complaint in said prior action and it was offered at the hearing of her motion for a new trial on August 30, 1949, when it was marked Exhibit 5 for identification.)

212

It does not appear that the court erred in denying the motion to consolidate the cases.

█ According to the settled statement defendant then "insisted that long prior to the sale from the State to the plaintiff herein a definite agreement had been made for the redemption of said property in the County Counsel's Office and had been reaffirmed in the Delinquent Tax and the Sales Tax Departments." It appears from this portion of the settled statement that defendant merely "insisted" or argued that an agreement for redemption had been made. In this connection defendant refers to her Exhibit 6 for identification, which is a letter written by her on June 15, 1949, to the county counsel, wherein she stated that she had attempted unsuccessfully on various occasions to redeem the property; that a deputy county counsel and the chief clerk of the tax sales department had assured her that the filing of the case of *Ehrhardt* v. *State of California* (wherein she sought a determination of the amount necessary to redeem the property) removed said property from any possible sale for delinquent taxes. (That letter was offered at the hearing of her motion for a new trial on August 30, 1949, when it was marked Exhibit 6 for identification.) Of course, an argument before the court, or a statement in a letter from defendant, regarding such an agreement is not proof that there was an agreement for redemption.

After said above mentioned proceeding, the trial was continued to July 12, 1949, at the request of defendant to enable her to secure and present evidence. On said July 12th the trial was continued to July 19, 1949, at the request of defendant to enable her to employ counsel and present evidence. On said July 19th she had not employed counsel and did not present evidence. Her request for a further continuance was denied, and judgment was rendered for plaintiff.

█ The deeds introduced in evidence by the plaintiff established a prima facie case for plaintiff. Section 3711 of the Revenue and Taxation Code provides: "Except as against actual fraud, the deed [referring to a deed from the state] duly acknowledged or proved is conclusive evidence of the regularity of all proceedings from the assessment of the assessor to the execution of the deed, both inclusive." In the present case, as above shown, there was such a deed from the state to plaintiff. Therefore, the regularity of the proceedings from the assessment herein to the execution of the deed by the state was proved prima facie. Said section 3711, however, "refers only to the regularity of the taxing procedure and

does not purport to declare that the deed received by a purchaser from the state is evidence that the property had previously been deeded to the state." (*Roma* v. *Elbert, Ltd.,* 73 Cal.App.2d 338, 340 [166 P.2d 294].) A deed to the state is an essential element in proof of title to property purchased from the state at a tax sale. (*Jones* v. *Luckel,* 174 Cal. 532, 536 [163 P. 906].) In the present case, as above shown, there was in fact a deed to the state. Also, as above shown, defendant did not testify and she offered no competent evidence at the trial. The evidence was sufficient to support the judgment for plaintiff.

▮ Defendant made a motion for a new trial. In her affidavit, filed in support of her motion, she stated that an attorney upon whom she had relied for her defense had become inactive as an attorney by reason of ill health; she believed another attorney would appear for her, but she was advised on the day before the trial that he could not appear; after the continuance to July 12th was ordered she made three unsuccessful trips to Culver City to locate proper evidence and parties; after the continuance to July 19th was ordered she went to Laguna Beach to find a missing "deputy," but she found a sick man and she could not compel him to appear at the trial; on July 19th she was physically unable to proceed with the trial on that day; she was further prevented from having a fair trial because the chief clerk of the tax sales department, after a subpoena duces tecum had been delivered to him, refused to appear in court on the ground that his demand for a witness fee of $2.00 had not been complied with; and since she did not know that public officers could legally demand such a fee she was not prepared to comply with his demand. In an affidavit of another person, filed in support of the motion, the affiant stated that she served the subpoena duces tecum on the chief clerk of the tax sales division of the county tax collector's office on July 1, 1949; defendant was present and attempted to explain more fully the documents which were called for in the subpoena; defendant asked the said clerk if he remembered that she showed him a complaint and summons in a tax redemption action, and that he had made a note regarding the action and stated that the property would not be listed for tax sale; the clerk replied, "Yes, it was about like that"; the clerk said he would not appear until his witness fee of $2.00 had been paid. At the hearing of the motion on August 30, 1949, defendant of-

214

fered 10 documents for the consideration of the court which documents were marked Exhibits 1 to 10, inclusive, for identification only. Those documents consisted of: two newspaper clippings; grant deed, dated September 17, 1925, to defendant as grantee; map of part of said tract; purported excerpts from answer in 1929 case; copy of complaint in *Ehrhardt* v. *State*; letter from defendant to county counsel; estimates of amounts required to redeem; copy of request to include Lot 18 in auction; a newspaper; list of various parcels of property. The court did not err in denying a motion for a new trial.

On September 28, 1949, defendant made a motion to vacate the judgment and enter a different judgment. The motion was denied on said date. She asserts that the motion was made to remind the court that the case should have been dismissed for the reason, among others, when the judge continued the case he said that if defendant could find any evidence to substantiate her statement the case would be dismissed; and that she had found such evidence but the court rendered judgment against her. The court did not err in denying the motion.

Defendant made an application to this court for permission to produce additional evidence on appeal. The application and the appeal were submitted at the same time. Defendant presented to this court, as part of the proposed evidence, the following: (1) photostatic copies of two parts of a newspaper, The Los Angeles Daily Journal, dated August 15, 1933, pertaining to a delinquent tax list; (2) photostatic copy of affidavit of the tax collector stating the dates of the publication of the delinquent tax list in 1933; (3) certified photostatic copy of a part of a delinquent tax list for 1927 filed in the office of the county recorder on September 27, 1928; and (4) copy of summons and complaint in the 1929 action to foreclose the street bond liens. The purpose to be served by the two copies of parts of the newspaper is not clear. As to said certified photostatic copy, it appears that the name "Enrhardt Stella L." (not Ehrhardt) appears in that part of the delinquent tax list for 1927. Appellant asserts that it was not until after her reply brief on appeal was partially prepared that she learned of the existence of the proposed additional evidence. The recorded delinquent tax list was available, of course, at the time of trial. There is no sufficient showing why said list was not produced for the consideration of the trial court. After plaintiff had rested its case on July 1st the appellant was granted two continuances

to enable her to secure and present evidence. It does not appear that appellant exercised diligence in an effort to produce said list in the trial court. Also appellant has not made a sufficient offer to redeem the property. The purpose to be served by the copy of the said summons and complaint is not clear. The application to produce additional evidence should be denied.

The judgment, and the order refusing to vacate the judgment, are affirmed. The appeal from the order denying defendant's motion for a new trial is dismissed. The application to produce additional evidence on appeal is denied.

Shinn, P. J., and Vallée, J., concurred.

A petition for a rehearing was denied January 11, 1951, and appellant's petition for a hearing by the Supreme Court was denied February 15, 1951.