[Civ. No. 37156. First Dist., Div. One. July 30, 1976.]

JERRY DOUGLAS PHILBRICK, as Administrator With the Will Annexed, etc., Plaintiff, Cross-defendant and Appellant, v. EDMOND HUFF et al., Defendants, Cross-complainants and Respondents.

**COUNSEL**

David Terreo for Plaintiff, Cross-defendant and Appellant.

John E. Nelson for Defendants, Cross-complainants and Respondents.

**OPINION**

**MOLINARI, P. J.**—Plaintiff appeals from a judgment quieting title to real property in favor of defendants.

Donald C. Philbrick was the assessee of the subject property prior to its conveyance to defendants on September 21, 1973. Philbrick died on October 20, 1967. On June 4, 1969, the office of the Tax Collector of Mendocino County mailed a certified envelope addressed to "Donald C. Philbrick, Comptche, Calif. 94527." Enclosed in the envelope was a notice stating an intent to deed to the state certain properties upon which taxes had not been paid for five years. The letter was returned to the tax collector's office by the Comptche post office marked "deceased." The letter was put in a file together with other letters returned to the tax collector which relate to property to be deeded to the state for delinquent taxes. The file kept by the tax collector with respect to the subject property did not indicate that the aforementioned letter had been returned undelivered because the letter was kept in a separate file.

On July 1, 1969, the tax collector deeded the property in question to the State of California.

The name and address of the last known assessee of real property is obtained from the last assessment roll in the tax collector's office.

The parties stipulated that the assessment roll reads as follows: For the tax year 1968-1969 the assessment roll contains the name and address "D. C. Philbrick, Comptche, California." For the tax years 1969-1970 and 1970-1971 the assessment roll reads "Deed to state, Philbrick, D.C., c/o Morris Grupp, S.F." For the tax year 1971-1972 it reads "Deeded to State, Natural Resources, Inc., c/o Morris Grupp, S.F."

On August 31, 1973, a notice that the property was to be sold at public auction for delinquent taxes was mailed by the tax collector to Natural Resources, Inc. in care of Morris Grupp. An employee of the tax collector's office testified that the notice was sent to this addressee because such addressee was the last known assessee as shown on the assessment roll.

The information to the tax collector's office from which the assessment roll is compiled is furnished by the assessor's office. The records of the assessor reflect that the only assessees of the subject property subsequent

to 1958 were Donald C. Philbrick, the State of California and defendants. Neither the records of the assessor's office nor those of the tax collector indicate how or in what manner the name of Natural Resources, Inc. got on the tax collector's assessment roll for the 1971-1972 tax year. Natural Resources, Inc. did have title to the property at one time but this was in the year 1951.

Morris Grupp, who was appointed executor of the estate of Donald C. Philbrick on November 24, 1967, and who served as executor until his removal in the early part of 1974, testified as follows: He inquired into the tax status of the real property in the estate and knew the taxes were delinquent. He did not sell some of the real property in the estate to pay the delinquent taxes because Jerry Philbrick, the son of the decedent, told Grupp that he and his mother did not approve of any of the sales Grupp had proposed. Grupp had notified the Mendocino County Assessor's office to forward assessment matters to his office address in San Francisco. He had checked in order to determine the length of time before the parcels in the estate could be sold for delinquent taxes. However, as a lawyer, he relied upon the statutes that provided notice will be given before property is sold to the state. Grupp felt that since the estate did not have readily available cash this method was the best way to handle the tax delinquency problem.

When the August 31, 1973, notice that the property was to be sold at public auction was mailed to Grupp's office Grupp was out of the country. His son, Leal Grupp, also an attorney, was taking care of his father's business during his absence. Leal Grupp opened the envelope addressed to Natural Resources, Inc. He had never heard of Natural Resources, Inc. and therefore inquired of Van Harvey, an associate of his father who was attorney for the estate, if he had any knowledge of the company. Van Harvey ascertained the telephone number of Natural Resources, Inc. from the telephone directory. He telephoned the company and inquired if Morris Grupp was known to the company. Upon receiving a negative answer he conveyed this information to Leal Grüpp.

Leal Grupp put the notice in a file containing matters dealing with a judgment he had just obtained in favor of Jerry Philbrick against Greenwood Lumber Company. He was under the impression the notice was sent because he was being notified as the attorney of a judgment creditor of a pending sale. He got this impression because the notice

contained the handwritten word "Greenwood." Only later did he learn that "Greenwood" referred to the location of the subject property.

The subject property was sold to defendants at public auction and was conveyed to them by the tax collector on September 21, 1973. Morris Grupp learned of the sale in October or November of 1973.

Morris Grupp testified that had he received the notice he would not have connected it to the Philbrick estate and that he might not have opened the envelope but would have forwarded it to Natural Resources, Inc. because he had never represented a company by that name.

The description of the property in the August 31, 1973, notice matches the description of the property as reported in the inventory of the estate.

Grupp filed the instant action to quiet title on December 20, 1973, as the "executor of the Estate of Donald C. Philbrick, deceased."[1] Defendants filed an answer to the complaint and a cross-complaint praying that it be adjudged that they are the owners of the subject property and that plaintiff has no estate or interest therein.

Following trial, the court filed its written memorandum of intended decision indicating the judgment would be for defendants. Pursuant to rule 232 of the California Rules of Court findings of fact and conclusions of law were not required. A judgment was thereafter entered in favor of defendants quieting their title to the subject property.

Although no findings of fact and conclusions of law were filed the trial judge indicated in his memorandum of intended decision that he based his determination on Revenue and Taxation Code sections 3518 and 3521.[2] Section 3518, dealing with deeds to the state for delinquent taxes (see § 3511), provides: "The deed, duly acknowledged or proved, is conclusive evidence, except against actual fraud, of the regularity of all other proceedings from the assessment of the assessor to the execution of the deed, both inclusive."

Section 3521 provides as follows: "A proceeding based on an alleged invalidity or irregularity of any deed to the State for taxes or of any

---

[1] Jerry Douglas Philbrick, administrator with the will annexed of the estate of said decedent, was substituted as plaintiff in the place and stead of Grupp on April 1, 1974.

[2] Unless otherwise indicated all statutory references hereinafter made are to the Revenue and Taxation Code.

proceedings leading up to the deed can only be commenced within one year after the date of recording of the deed to the State in the county recorder's office or within one year after June 1, 1941, whichever is later. [¶] Sections 351 to 358, inclusive, of the Code of Civil Procedure do not apply to the time within which a proceeding may be brought under the provisions of this section."

The trial court apparently determined that plaintiff was precluded from attacking the 1969 deed from the tax collector to the state notwithstanding the failure of defendants to raise the statute of limitations. Plaintiff asserts that the defense of the statute of limitations was waived by the failure of defendants to plead it as a defense and that, in any event, the statute does not run against an owner whose possession is exclusive and undisputed. As respects defendants' failure to plead to the statute they appear to contend that such failure is not fatal because they were not aware that plaintiff was going to attack the validity of the 1969 deed to the state until the trial. This contention is predicated on the fact that plaintiff's complaint was one to quiet title from which it could not be ascertained that plaintiff's theory on which they based their action was the invalidity of the deed from the tax collector to the state.

We observe, initially, that section 3521 and its counterpart section 175[3] have been termed "special" statutes of limitation (see *Sears v. County of Calaveras,* 45 Cal.2d 518, 521 [289 P.2d 425] [app. dism. 351 U.S. 959 (100 L.Ed. 1481, 76 S.Ct. 1026)]) that are applicable, as against even owners in possession, where the alleged defects of the deed to the state are not jurisdictional. (*Paul v. Los Angeles County Flood Control Dist.,* 37 Cal.App.3d 265, 273 [112 Cal.Rptr. 274]; *Nutting v. Herman Timber Co.,* 214 Cal.App.2d 650, 656 [29 Cal.Rptr. 754].) ▮▮▮ A defect in a tax proceeding is not jurisdictional where it "has been for nonobservance of some procedural notice or other step which the Legislature, without defiance of state or federal Constitution, might have dispensed with altogether." (*Nutting v. Herman Timber Co., supra,* at p. 656; see *Bank of*

---

[3]Section 175 provides as follows: "All deeds heretofore and hereafter issued to the State of California or to any taxing agency, including taxing agencies which have their own system for the levying and collection of taxes, by reason of delinquency of property taxes or assessments levied by any taxing agency or revenue district, shall be conclusively presumed to be valid unless held to be invalid in an appropriate proceeding in a court of competent jurisdiction to determine the validity of said deed commenced within one year after the execution of said deed, or within one year after the effective date of this section, whichever be later. Such proceedings may be prosecuted within the time limits above specified in the manner and subject to the provisions of Sections 3618 to 3636 of this code."

*Lemoore* v. *Fulgham,* 151 Cal. 234, 239 [90 P. 936]; *Bell* v. *Towns,* 95 Cal.App.2d 398, 400-401 [213 P.2d 73].) Such a defect is jurisdictional where the nonperformance consists of constitutionally indispensable steps. (*Ramish* v. *Hartwell,* 126 Cal. 443, 448-449 [58 P. 920]; *Nutting* v. *Herman Timber Co., supra; Sheeter* v. *Lifur,* 113 Cal.App.2d 729, 738 [249 P.2d 336].)

■ It is, of course, a well-established principle that a person's property may not be taken from him without due process of law and that a fundamental requisite of due process is notice, reasonably calculated, under all the circumstances, to apprise the interested parties of the pendency of proceedings which could result in a deprivation of a person's property so as to afford him an opportunity to be heard. (*Mullane* v. *Central Hanover Tr. Co.,* 339 U.S. 306, 314 [94 L.Ed. 865, 873, 70 S.Ct. 652]; *Milliken* v. *Meyer,* 311 U.S. 457, 463 [85 L.Ed. 278, 283, 61 S.Ct. 339, 132 A.L.R. 1357]; *McMaster* v. *City of Santa Rosa,* 27 Cal.App.3d 598, 602 [103 Cal.Rptr. 749].)

In California the tax collector is required to publish a notice of intention to sell realty for delinquent taxes in the manner prescribed by the statute. (§§ 3351, 3352, 3353.) In addition the tax collector is required to publish a notice of his intent to deed to the state all property which was previously sold to the state and which is subject to deeding to the state in the manner prescribed by statute. (§§ 3361, 3362, 3363, 3364.) It is not urged or contended that these procedures were not complied with in the present case.

It is also provided by statute that after the first publication of notice of intent to deed to the state and before the date of deeding the tax collector shall send by registered mail a copy of the publication or a notice of intent to deed the property to the state to the last assessee of the tax-sold property at his last known address. (§ 3365.)[4] It is with respect to this notice that plaintiff asserts a defect in the tax proceeding.

[4] At all times pertinent to these proceedings and prior to its amendment in 1971 section 3365 read as follows: "After the first publication of the notice of intent to deed to the state and not less than 21 nor more than 35 days before the date of deeding, when tax-sold property is to be deeded, the tax collector shall send by registered mail to the last assessee of the tax-sold property at his last known address either a copy of the publication or a notice of intent to deed the property to the state. To ascertain the address of the last assessee of the tax-sold property an examination shall be made of the assessment of this property on the rolls beginning with the year of delinquency to and including that of the last equalized roll."

At all times pertinent to these proceedings section 3365, provided in . part as follows: "To ascertain the address of the last assessee of the tax-sold property an examination shall be made of the assessment of this property on the rolls beginning with the year of delinquency to and including that of the last equalized roll." Plaintiff argues that since the 1969 notice of intent to deed to the state was returned to the tax collector's office marked "deceased," there was a noncompliance with section 3365.

Assuming, arguendo, that there was a noncompliance with the provisions of section 3365, we do not apprehend that such failure constitutes a jurisdictional defect. We perceive such notice to constitute a procedural step which the Legislature might have dispensed with altogether without defiance of the state or federal Constitutions. In *Merchants' Trust Co.* v. *Wright,* 161 Cal. 149, 151 [118 P. 517], it was held that an owner of real property who permits the taxes thereon to become delinquent is afforded due process under statutes providing for a notice to him by publication of the sale to the state and that this is the only notice to which he is entitled. (See also *McMaster* v. *City of Santa Rosa, supra,* 27 Cal.App.2d 598, 604-605; *Litchfield* v. *County of Marin,* 130 Cal App.2d 806, 817 [280 P.2d 117]; and see *City of Compton* v. *Boland,* 26 Cal.2d 310, 315-316 [158 P.2d 397]; *People* v. *Skinner,* 18 Cal.2d 349, 355 [115 P.2d 488, 149 A.L.R. 299].)

In *McMaster* it was held that a city's failure to mail to the last assessee of property which had been sold to the city for tax delinquency a notice of proposed sale of the property at public auction, or a copy of the notice, did not violate due process on the ground that such defect was nonjurisdictional. (27 Cal.App.3d at pp. 604-605.) In that case the city ordinance provided for the publication of notices similar in requirement and content to those that are applicable in this case. (§§ 3351 et seq. and 3361 et seq.) The tax collector in *McMaster* had complied with the publication requirements.

■ We conclude, therefore, that plaintiff was subject to the bar of the statute of limitations in the present case because the defect in the tax proceeding upon which he relies is not a jurisdictional defect. ■ We accordingly direct our inquiry to whether the statute of limitations was waived by defendants' failure to plead it. The general rule is that if a statute of limitations is not raised by an appropriate pleading it is waived. (*Hall* v. *Chamberlain,* 31 Cal.2d 673, 679 [192 P.2d 759]; *O'Neil* v. *Spillane,* 45 Cal.App.3d 147, 156 [119 Cal.Rptr. 245].)

In *Tannhauser* v. *Adams,* 31 Cal.2d 169 [187 P.2d 716, 5 A.L.R.2d 1015], the court was faced with a fact situation where the land involved was sold to the state in 1933 for delinquent 1932 taxes. The property was not redeemed, and, in 1938, was deeded to the state by the tax collector. In 1941 the state deeded its interest to the defendant. The tax collector had failed to send a notice of the pending sale to the plaintiff as the assessed owner prior to the 1938 deed to the state as was required by the law at that time. The plaintiff asserted that the failure to mail the notice was a jurisdictional defect and therefore his right to raise it could not be cut off by the statute of limitations. The reviewing court held that the plaintiff's right to raise the defense was terminated by limitations statutes. (At p. 171.) The reviewing court determined that section 3521 was applicable and that the plaintiff's right to institute suit attacking the deed expired within one year after June 1, 1941, the date section 3521 became operative.[5] Although it is unclear from the opinion, it appears from its context that the bar of the statute of limitations was specially pleaded by the defendant.

We are not unmindful that in *Tannhauser* it was urged that the failure to mail the notice was a "jurisdictional" defect. The Supreme Court did not consider the issue of jurisdictional or nonjurisdictional nature of the defect but determined the case on the basis of the circumstances shown in the case. (31 Cal.2d at pp. 171-172; see *Sears* v. *County of Calaveras, supra,* 45 Cal.2d 518, 522-523; *McMaster* v. *City of Santa Rosa, supra,* 27 Cal.App.3d 598, 604-605.)

In *Hall,* a case decided in 1948, a quiet title action was brought by the successor of the owner whose title was claimed to have been divested by proceedings for the sale of the property for delinquent taxes against the defendants who based their claim on a tax deed. The basis of the action was that there were fatal irregularities in the delinquent tax sales and the tax deeds. The action was commenced after the time limitation in section 3521 had elapsed but defendants did not plead the bar of the time limitations specified in the statute. The court held that the failure to plead the statute of limitations constituted a waiver of the ground of defense based on the limitations statute. (31 Cal.2d at pp. 679-680.)

In reaching its decision the Supreme Court in *Hall* stated as follows: "In the instant case plaintiff's action was phrased in the conventional

---

[5]In *Tannhauser* the deed to the state was recorded on August 5, 1938. The one-year period of limitation from the date of such recordation was not applicable because, pursuant to the provisions of section 3521, the one-year statute ran from June 1, 1941, the date it became operative, i.e., the later alternative period provided for in the statute.

terms of one to quiet title. Inasmuch as tax deeds were outstanding, for plaintiffs to prevail it was incumbent upon them to negative such deeds, and the Chamberlains [thedefendants] should have pleaded the statute of limitation to that issue. Even if we put the matter in a different way, that is assuming that plaintiffs would rely upon their conveyance from the record owner, defendants would counter with the tax deeds, plaintiffs would assert the invalidity of those deeds, and defendants would reply that the statute had run, the need for pleading the statute still exists." (At pp. 679-680.)

In *Sears*, a case decided in 1955, the plaintiffs brought an action to have declared invalid a deed issued to the state for delinquent taxes. The defendant county and its defendant officers interposed a demurrer on the ground that the action was barred by the limitations contained in sections 175 and 3521 because the plaintiffs filed their complaint in 1948, more than one year after the enactment of section 175 and more than one year after the tax deed was executed and recorded. The demurrer was sustained without leave to amend. The court held that because none of the alleged defects in the deed was jurisdictional, the complaint was vulnerable to a demurrer which pleaded the special statutes of limitation contained in sections 175 and 3521. (45 Cal.2d at pp. 520-522.)

In view of the foregoing we conclude that defendants waived the bar of the statute of limitations by failing to plead it in an appropriate pleading and that plaintiff was entitled to allege a cause of action based on the nonjurisdictional defect which formed the basis of his quiet title action. ■ This circumstance, however, merely permitted him to go to trial. At trial he was confronted, upon introduction into evidence by defendants of the 1969 deed to the state, with the effect of the provisions of section 3518 providing that such a deed is conclusive evidence, except against actual fraud, of the regularity of all other proceedings from the assessment to the execution of the deed. The term "conclusive evidence" means that which the law does not permit to be contradicted. (*Moore* v. *Hopkins*, 83 Cal. 270, 272 [23 P. 318]; *Pullen* v. *Heyman Bros.*, 71 Cal.App.2d 444, 452 [162 P.2d 961]; *Payne* v. *Ward*, 23 Cal.App. 492, 495 [138 P. 967].)

In the application of section 3518 the principles articulated above with respect to the distinction between jurisdictional and nonjurisdictional facts are equally viable. Accordingly, a tax deed is not conclusive as to jurisdictional steps in tax proceedings. (*Ramish* v. *Hartwell*, *supra*, 126 Cal. 443, 448-449; *Sheeter* v. *Lifur*, *supra*, 113 Cal.App.2d 729, 738; *Bell*

v. *Towns, supra,* 95 Cal.App.2d 398, 400-401.) However, the Legislature may make a tax deed conclusive evidence of compliance with all provisions of the statute that are merely directory as to mode of procedure, i.e., matters or things which in the first instance the Legislature might not have required to be done and which are in their nature nonessentials. (*Bank of Lemoore* v. *Fulgham, supra,* 151 Cal. 234, 239; *Bell* v. *Towns, supra,* at p. 401; *Phillips* v. *Cox,* 7 Cal.App. 308, 312.)

In the instant case, as already pointed out, the mailing of the notice to the last assessee as provided for in section 3365 is not jurisdictional but directory. Assuming, arguendo, that there was a defect in the giving or the manner of giving this notice, no essential matters were omitted in the tax proceeding. Accordingly, nonjurisdictional defects in tax procedures are curable by legislation such as that provided in section 3518. (See *Sears* v. *County of Calaveras, supra,* 45 Cal.2d 518, 521; *Paul* v. *Los Angeles County Flood Control Dist., supra,* 37 Cal.App.3d 265, 275; *Litchfield* v. *County of Marin, supra,* 130 Cal.App.2d 806, 817.)

In *Bank of Lemoore* notices of the intention to sell realty for delinquent taxes and of intent to deed the realty to the state were published as required by statutes similar to sections 3351 and 3361. Another statute required that on each subsequent assessment and bills and statements for taxes there was required to be written or stamped the words "Sold for taxes" and the date of sale. This memorandum was not made. It was contended that the failure to give such notice amounted to depriving the delinquent owner of his property without due process of law. It was held that notice of publication of the sale was all the notice that the delinquent owner was entitled to, but that having provided for the memorandum notice made, as it did by statute (former Pol. Code, § 3767), the deed to the state was conclusive evidence that it had been given.

The reviewing court, in *Bank of Lemoore,* stated as follows: "The notice here under consideration differs entirely from the notice of proposed sale given by publication—a notice designed to afford the property-owner protection, and enable him to pay his taxes before title shall pass from him. Such notice he is entitled to receive, and such notice in the case at bar he did receive. . . . But there is nothing in the law which makes the giving of such a notice [the "Sold to the state" stamping on the subsequent assessment or tax receipts] essential—no rights of the taxpayer would be violated if such a provision for notice were not required at all, and therefore, as we have said, it is but a convenience

and not a right which the Legislature has provided for. It is quite within its power to do away with this provision, or, as here, to hold that the tax-deed shall be conclusive evidence that it was given. [Citations.]" (151 Cal. at pp. 239-240.) The same rationale is applicable in the instant case.

The case of *Gramson v. Geniella,* 209 Cal. 610 [289 P. 817], relied upon by plaintiff, is clearly distinguishable. In that case no notice at all was given by the tax collector prior to the purported tax sale. (At pp. 610-611.)

The case of *Johnson v. Alma Investment Co.,* 47 Cal.App.3d 155 [120 Cal.Rptr. 503] is also distinguishable. In that case the defendant had purchased the property at a tax sale resulting from the plaintiffs' failure to pay a special water district assessment. The plaintiffs brought an action to quiet title to the property. No notice of the assessment had been sent to the plaintiffs because their address on the original assessment roll in the assessor's office was shown as "unknown." However, the notice was published in a county newspaper. Section 46696 of the Water Code provided that the notice of assessment was required to be sent to each holder of the title to land at his place of residence, if known, and that in lieu of mailing the notice could be published in a newspaper for the specified period. Notice of delinquency and the date of the proposed sale were published in county newspapers as required by law. The tax sale was held and the defendant purchased the property in question. At the time the assessment was levied the plaintiffs' correct address as to the parcel in question was shown on the tax collector's records and at the time the notice of delinquency was published their address was properly shown on the assessor's records. The reviewing court held that, inasmuch as the plaintiffs' address was readily ascertainable, the failure to mail them notice of the assessment deprived them of their property without due process of law (at p. 159) and that the authorization in Water Code section 46696 for publication in lieu of mailing, even when the address of the holder of title is known, was to this extent constitutionally defective. (At p. 162.)

The appellate court in *Johnson* correctly concluded that the failure to give due process notice of the assessment was a jurisdictional defect. (47 Cal.App.3d at p. 162.) The giving of a proper notice of the assessment was the basis upon which any subsequent notice of delinquency and tax sale was required to be predicated. The notice of the assessment was a constitutionally indispensable step and was not a procedural notice which the Legislature might have dispensed with altogether. In the

instant case the basis for due process was the publication of the notices of intended sale as required by law at a time when the owner of the land knew that taxes had been assessed, the amount thereof and that he was delinquent in the payment of the taxes. It was incumbent upon him, therefore, to be alert to protect his rights against his own delinquency. (See *Sears* v. *County of Calaveras, supra,* 45 Cal.2d 518, 521-522.)

Accordingly, plaintiff could not contradict the regularity of the proceeding with respect to the giving of the notice provided for in section 3365 because section 3518 provides that the deed to the state is conclusive evidence that such a notice was properly given.

Plaintiff also contends that the sale from the state to defendants in 1973 was void because the notice of intended sale provided for in section 3701 was sent to Natural Resources, Inc. which was not an assessee in 1973 and had not been an assessee since 1958. Section 3701, dealing with the sale of tax-deeded property, provides: "After receiving the written authorization of the Controller and not less than 21 nor more than 28 days, before the proposed sale, the tax collector shall send a notice by registered mail of the intended sale to the last assessee of each portion of the property at his last known address. The tax collector shall make a reasonable effort to ascertain the address of the last assessee of the tax-deeded property, including, but not limited to, an examination of the assessment of this property on the rolls beginning with the year of delinquency to and including that of the last equalized roll. [¶] The failure of the tax collector to make a reasonable effort to ascertain the address of the last assessee as required by this section shall not affect the validity of the sale."

In the instant case Natural Resources, Inc., albeit erroneously, appeared as the last assessee on the assessment roll for the 1971-1972 tax year. In the three previous tax years D. C. Philbrick appeared as the assessee. The address for the assessees in each instance was "c/o Morris Grupp, S.F." The subject notice was mailed to Morris Grupp. Under the circumstances an inference may be drawn that the tax collector made a reasonable effort to ascertain the last address of the assessee of the property.

In *Penaat* v. *Terwilleger,* 23 Cal.2d 865, 868-869 [147 P.2d 552], under a predecessor statute to section 3701, it was held that a tax sale was not void because notice was not mailed to the last known address of parties to whom land was last assessed, where the assessment roll did not

disclose addresses of the parties to whom the land was last assessed, and the parties whose addresses appeared on a prior assessment roll were not parties to whom the land was last assessed.

We observe that in the present case although Natural Resources, Inc. was not the party to whom the land was last assessed, the subject notice was mailed to such party at the address which was shown on the assessment roll as the address of the party to whom the property was previously assessed. Grupp, at whose address the notice was sent and whose agent opened the letter addressed to Natural Resources, Inc., was the personal representative of the party who in actuality was the last assessee.

We note, moreover, that assuming, arguendo, that it may be said that as a matter of law the tax collector did not make a reasonable effort to ascertain the address of the last assessee, section 3701 specifically provides that such failure does not affect the validity of the sale. The attack on the sale in the instant case was not made until after the sale to defendants had been consummated.

We apprehend that the rationale behind the legislative provision in section 3701 that the failure of the tax collector to make a reasonable effort to ascertain the address of the last assessee does not affect the validity of the sale, is rooted in the concept that such failure is a nonjurisdictional defect. What we have previously stated with respect to nonjurisdictional defects as not resulting in a deprivation of due process is equally applicable to the situation here under discussion.

The purpose of section 3701 is to give the owner of land to be sold by the state after a tax deed to it a better opportunity to redeem the property before actual sale. (See *Buck* v. *Canty,* 162 Cal. 226, 232 [121 P. 924].) The requirement of notice by registered mail was one that the Legislature could have omitted without defiance of state or federal Constitutions. "The legislature has full control over the sale of property belonging to the state, which it may direct sold, and to regulate or change at any time the method of its disposition." (*Buck* v. *Canty, supra,* at p. 233.) The power of the Legislature to control the method by which the state can dispose of property acquired by it for delinquent taxes involves the right to determine at any time the extent and character of the notice which shall be given by the agents of the state before the sale. (*Buck* v. *Canty, supra,* at p. 232.) With respect to the instant case, the Legislature

under its unquestioned power provided for the notice to be given in section 3701 in order to afford every opportunity to the property owner to redeem the property but, in the exercise of the same power, made it clear that any failure on the part of the tax collector to ascertain the last known address of the assessee would not affect the validity of the sale.

In *Litchfield* v. *County of Marin, supra,* 130 Cal.App.2d 806, the appellate court held that the failure to comply with the legislative requirement of notice of sale was subject to be corrected by the curative acts where title to the property had passed to the state for delinquent taxes and that the publication and notice of delinquency preceding sale to the state was sufficient to give actual and adequate notice to the owner and therefore jurisdiction consonant with due process had gained transfer of title to the state. (At p. 817.) The reviewing court made it clear that the basis of jurisdiction was the notice of preceding the sale *to* the state and not the notice of *by* the state. (At p. 816.) We apprehend the rationale to be that a property owner is entitled to adequate notice that he is delinquent in his taxes but that once such notice is given and he is thereafter divested of title by deed to the state he is required to be alert to protect his rights as against his own delinquency in the payment of taxes.

In the present case there was ample evidence that the owner knew of the tax delinquency and knew that the property had been sold to the state because of such delinquency. It was incumbent upon the personal representative of the deceased property owner to be alert to protect the rights of the estate against such delinquency and he was not entitled, in view of the curative statutes, to rely upon receipt of the notice provided for in section 3701 which, in effect, was a "courtesy notice."

We note here that section 3711, which is applicable to deeds upon the sale of tax-deeded property contains similar language to that in section 3518 dealing with deeds to the state for tax delinquency. Section 3711 provides: "Except as against actual fraud, the deed duly acknowledged or proved is conclusive evidence of the regularity of all proceedings from the assessment of the assessor to the execution of the deed, both inclusive." What we have hereinabove said with respect to the effect of section 3518 is applicable here. The deed from the state to defendant is conclusive evidence that all taxing procedures other than those affecting jurisdiction consonant with due process had been complied with.

The provisions of sections 3518 and 3711, in conjunction with the introduction into evidence of the deed from the tax collector to the state and the deed from the state to defendants, warranted a judgment in favor of defendants. (See *Elbert, Ltd.* v. *Hall,* 101 Cal.App.2d 208, 212-213 [225 P.2d 590]; *Litchfield* v. *County of Marin,* 83 Cal.App.2d 730, 732-733 [189 P.2d 750]; *De Flon* v. *Van Lue,* 83 Cal.App.2d 288, 189 [188 P.2d 301].) We observe, further, that in the instant case because findings of fact and conclusions of law were waived it must be presumed that every fact essential to the judgment was proved and found by the court. (*Gray* v. *Gray,* 185 Cal. 598, 599 [197 P. 945]; *O'Connor* v. *Skelton,* 201 Cal.App.2d 620, 623 [20 Cal.Rptr. 211].)

■ Plaintiff's final contention that the tax collector did not have authority to deed the property to the state in the absence of an order by the probate court is without merit. The general rule is that the probate court is without power to decide a disputed claim between an estate and a stranger thereto. (*Estate of Baglione,* 65 Cal.2d 192, 196 [53 Cal.Rptr. 139, 417 P.2d 683]; *Estate of Pieper,* 224 Cal.App.2d 670, 680-681 [37 Cal.Rptr. 46].) "[A] decree of distribution does not determine that the deceased had any title to the property distributed, nor does it bind third persons who claim an interest adverse to that of a testator. It merely determines the succession or testamentary disposition of such title as the decedent may have had." (*Romagnolo* v. *Romagnolo,* 230 Cal.App.2d 315, 319 [40 Cal.Rptr. 807].) The heirs of Philbrick inherit the same interest in the subject property that the decedent had. They inherited subject to the delinquent tax lien and subject to the same conditions and equities that attached to the property when it was held by the decedent. (See *Glunt* v. *City etc. of San Francisco,* 274 Cal.App.2d 269, 279-280 [79 Cal.Rptr. 513].) As between the rights of plaintiff and those of defendants in the subject property, these were properly litigated in the quiet title action.

The judgment is affirmed.

Sims, J., and Elkington, J., concurred.