[Civ. No. 25528. Fourth Dist., Div. Two. July 14, 1982.]

PATRICK V. BANAS et al., Plaintiffs and Appellants, v.
TRANSAMERICA TITLE INSURANCE COMPANY et al.,
Defendants and Respondents.

846

**COUNSEL**

Tomlinson & Nydam and M. S. Tomlinson for Plaintiffs and Appellants.

MacLachlan, Burford & Arias and Clifford R. Cunningham for Defendants and Respondents.

OPINION

KAUFMAN, Acting P. J.—So far as this appeal is concerned, the action involves the validity of tax sales of and tax deeds to improved real property in San Bernardino County. The trial court awarded judgment on the pleadings in favor of the County of San Bernardino and Joe Bell, its Treasurer-Tax Collector (hereafter collectively referred to as the county). Plaintiffs appeal. We have concluded that the motion for judgment on the pleadings was improvidently, although understandably, granted, and the judgment will be reversed.

The trial court's granting the motion for summary judgment is quite understandable because the count purportedly stating a cause of action against the county is pled inartfully in the extreme. There is no incorporation by reference of allegations in other counts, and even some of the essential facts, which are well pled in other counts of the complaint, are pled only inferentially or indirectly. We are persuaded that both the court and counsel for the county were in some way misled, because, as we shall explain, the legal basis on which the motion for judgment on the pleadings was made and granted was virtually immaterial to plaintiffs' theory and certainly did not legally preclude plaintiffs' prevailing.

In truth, however, for purposes of this appeal the basic facts do not appear to be in dispute, and, liberally construed, the allegations are sufficient to state a cause of action in favor of the plaintiffs and against the county. We shall therefore reverse the judgment conditionally—on the condition that within a prescribed time the plaintiffs file an amendment to the complaint alleging in substance the facts recited below, which are the facts as we understand them.

*Facts*

Prior to January 24, 1974, James Keeton and Beverly June Keeton, husband and wife, were the owners of a residence at 11998 Reche Canyon Road in Colton. The residence was constructed partly on each of two lots, which for some reason not disclosed by the pleadings were separately assessed for real property taxes. In the early part of 1974, the plaintiffs Patrick V. Banas and Claudia I. Banas, husband and wife, purchased the residence, naturally assuming they were buying the land on which the residence was situated. However, either as a result of

fraud or mistake the legal description set forth in the conveyance, a grant deed dated February 15, 1974, and recorded March 18, 1974, covered only one of the two lots. Plaintiffs did not learn of that fact or of the separate assessment of the two lots until after the tax sales and tax deeds herein questioned.

After purchasing the property plaintiffs moved into the residence and have resided there ever since. Annually they or their impound account holder received from the county and paid a tax bill which they believed was the tax bill for the residence and the land upon which it was situated. However, apparently those tax bills covered only the one lot conveyed to them. Although the residence was also partly on the other lot, that lot was separately assessed and a separate tax bill was sent with respect to it, presumably to Mr. and Mrs. Keeton, who were the last assessees of record.

The taxes assessed on the second lot (hereafter the excluded parcel) were not paid and, after the statutory period, the excluded parcel was sold and, later, deeded to the state and thereafter sold and deeded to William D. Reynolds. The tax deed from Joe Bell as Treasurer-Tax Collector of the County of San Bernardino to Mr. Reynolds was dated March 18, 1980, and recorded March 28, 1980.

On September 12, 1980, plaintiffs instituted this action against numerous defendants, including the Keetons, the real estate licensees involved in the purchase and sale transaction, plaintiffs' title insurer, the County of San Bernardino, Joe Bell, William D. Reynolds and the State of California, seeking every conceivable type of relief including cancellation of the tax deed from the County Treasurer-Tax Collector to William D. Reynolds and, apparently, cancellation of the earlier tax deed to the state.

### Discussion

The county correctly states: "The ground of the motion [for judgment on the pleadings] was that [plaintiffs] could not state a cause of action to support their prayer for cancellation of a tax deed and sale, because their incorporation by reference into their complaint of the duly acknowledged and recorded tax deed from the tax collector to the State was conclusive evidence, except against actual fraud, of the regularity of all other proceedings from the assessment ... to the execution of the

deed, both inclusive. . . . The motion was based upon Revenue and Taxation Code, Sections 3518[1] and 3711[2]."

The county was and is incorrect in asserting that the tax deed to the state was incorporated by reference by plaintiffs into their complaint. The plaintiffs did allege that the tax deed to the state was invalid. However, the only deed expressly identified by date, attached to the complaint and incorporated by reference, was the tax deed to William D. Reynolds. But it makes little difference because neither section 3518 nor section 3711, which make a duly acknowledged tax deed conclusive evidence of the regularity of the tax sale proceedings (more or less), could serve to remedy the defect claimed by plaintiffs as invalidating the tax sales and tax deeds here involved. ■ While the Legislature by statute may cure errors and irregularities in tax sale proceedings that do not violate jurisdictional prerequisites or constitutional mandates, jurisdictional errors or errors violating constitutionally guaranteed rights may not be thus cured. (See *Chesney v. Gresham* (1976) 64 Cal.App.3d 120, 128 [134 Cal.Rptr. 238]; *Philbrick v. Huff* (1976) 60 Cal.App.3d 633, 646-647 [131 Cal.Rptr. 733]; *Paul v. Los Angeles County Flood Control Dist.* (1974) 37 Cal.App.3d 265, 275 [112 Cal.Rptr. 274].)

■ In the count here at issue plaintiffs do not attack the tax sales and tax deeds on the basis of any irregularity in the proceedings; they assert that the procedures established by the statutes for giving notice of impending tax sales and tax deeds are unconstitutional as applied to them, that is, that the means of giving notice prescribed by the statutes are constitutionally insufficient as applied to an equitable owner of improved real property in actual possession of the property and in

---

[1]All statutory references will be to the Revenue and Taxation Code unless otherwise specified.

Section 3518, which pertains to deeds to the state, reads: "The deed, duly acknowledged or proved, is conclusive evidence, except against actual fraud, of the regularity of all other proceedings from the assessment of the assessor to the execution of the deed, both inclusive."

Section 3518 is concerned with the regularity of "all other proceedings." Thus it does not establish the deed as conclusive evidence of the facts enumerated in section 3517 as to which the duly acknowledged deed is only prima facie evidence. One of the section 3517 facts is "(e) At a proper time and place the property was sold as prescribed by law."

[2]Section 3711, which pertains to tax deeds to private parties, reads: "Except as against actual fraud, the deed duly acknowledged or proved is conclusive evidence of the regularity of all proceedings from the assessment . . . to the execution of the deed, both inclusive."

circumstances, such as the plaintiffs here, giving the equitable owner no reason to believe that the taxes on the land underlying his or her residence have not been paid.[3]

Although the allegations of the complaint pertinent to plaintiffs' claim of the tax sales' and tax deeds' invalidity were, charitably, inartful (see fn. 3, *ante*), what they state, in substance, is that notice by publication, letter to the last assessee and posting in a public place is not calculated to or likely to give actual notice to equitable owners of improved property who are in actual possession, but that there is an easy, inexpensive means of attempting to give notice to such persons that is likely to give them notice and that is commonly utilized in respect to forced sales of real property, namely, posting a notice of the intended sale on the property. Plaintiffs contend, therefore, that posting the property was constitutionally required under the circumstances. They suggest that in these days of "creative financing" the problem of nonpayment of taxes on residential property without the knowledge of the equitable owner in possession is likely to be one of increasing frequency and significance. We believe plaintiffs are correct.

"It is, of course, a well-established principle that a person's property may not be taken from him without due process of law and that a fundamental requisite of due process is notice, reasonably calculated, under all the circumstances, to apprise the interested parties of the pendency of proceedings which could result in a deprivation of ... property so as to afford ... an opportunity to be heard. [Citations.]" (*Philbrick* v. *Huff, supra,* 60 Cal.App.3d at p. 641; accord: *Mullane* v. *Central Hanover Tr. Co.* (1950) 339 U.S. 306, 315 [94 L.Ed. 865, 874, 70 S.Ct. 652, 657]; *Covey* v. *Town of Somers* (1956) 351 U.S. 141, 146 [100

---

[3]Edited a bit, primarily as to punctuation and the elimination of an erroneous Revenue and Taxation Code section number, the relevant allegations of the complaint are: "[T]he Revenue and Taxation Code of the State of California provides for notice of impending tax sale ... to be given by registered mail to the address of the last vestee of record, newspaper publication[,] and posting in a public place ... as adequate requirements to satisfy due process in divesting an owner, who is the equitable owner, erroneously recorded owner, the result of a scrivener's error .... [¶] Other California [c]ode [s]ections which relate to real property title forfeiture require, as an incident of due process, actually posting the real property which is the subject of forfeiture sale, and an affidavit attesting same.... [¶] The act of so posting would not be unduly burdensome ... since the cost would be shifted to whomever cured the tax liability, and ... [would] meet changed conditions and the growing needs of ... people similarly situated as plaintiffs. ... [¶] Since plaintiffs' residential building is reposing on the parcel of real property sold[,] ... plaintiffs would have actually observed the tax sale notice and cured the tax liability [if the property had been posted]."

L.Ed. 1021, 1026, 76 S.Ct. 724]; *Chesney* v. *Gresham, supra*, 64 Cal. App.3d at p. 128; *Johnson* v. *Alma Investment Co.* (1975) 47 Cal.App. 3d 155, 159-161 [120 Cal.Rptr. 503], and cases there cited and discussed.) Due process does not require actual notice (*Mullane* v. *Central Hanover Tr. Co., supra*, 339 U.S. at p. 319 [94 L.Ed. at p. 876, 70 S.Ct. 652]; *Chesney* v. *Gresham, supra*, 64 Cal.App.3d at p. 129); however, "when notice is a person's due, process which is a mere gesture is not due process. *The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.*" (*Mullane* v. *Central Hanover Tr. Co., supra*, 339 U.S. at p. 315 [94 L.Ed. at p. 874, 70 S.Ct. 652], italics added; *Covey* v. *Town of Somers, supra*, 351 U.S. at p. 146 [100 L.Ed. at p. 1026, 76 S.Ct. 724]; *Chesney* v. *Gresham, supra*, 64 Cal.App.3d at p. 128.)

We are unable to conclude that the means of notice prescribed by the statutes (e.g., Rev. & Tax. Code, §§ 3351, 3352, 3353, 3361, 3362, 3363, 3364, 3365, 3701, 3702, 3703), namely, publication, posting in a public place, and a letter to the last assessee at his last known address constitute means such as one desirous of actually informing persons in the position of plaintiffs might reasonably adopt. The means most likely to give notice and one that is allegedly easy and inexpensive for government to utilize is posting the property.

There are, of course, a multitude of cases holding or otherwise indicating that publication of notice is all the due process notice to which a delinquent taxpayer is entitled. (See *Chesney* v. *Gresham, supra*, 64 Cal.App.3d at p. 129, and cases there cited.) However, as pointed out in *Chesney*, the theory underlying that conclusion is that annually assessed ad valorem property taxes are well known to the property owner; if the property owner has not paid the taxes, he or she is bound to know of the delinquency and of the fact that the property might be sold to satisfy the unpaid delinquency. (See *Chesney* v. *Gresham, supra*, 64 Cal.App. 3d at p. 129; *Philbrick* v. *Huff, supra*, 60 Cal.App.3d at p. 647.)

Where the reason for a rule is inapplicable, so should be the rule itself. (Civ. Code, § 3510.) Accordingly, in numerous cases in which the circumstances were such that the taxpayer had no reason to know of the tax assessment or tax delinquency and his or her name and address were reasonably ascertainable, it has been held that publication of notice is constitutionally insufficient. (*Johnson* v. *Alma Investment Co., supra*, 47 Cal.App.3d at pp. 159-161, and cases there cited and discussed; see also *Chesney* v. *Gresham, supra*, 64 Cal.App.3d at p. 130.)

In the case at bench, despite the fact that the tax involved is an annual ad valorem tax on plaintiffs' residence, plaintiffs had no reason to know, according to the allegations of the complaint, of either the tax assessment or tax delinquency on the excluded parcel. They did not know there was an excluded parcel; moreover, they or their agents were receiving and paying each year a tax bill which they supposed covered the taxes on their residence. They were in possession of the property and their identity and interest were readily ascertainable.

We conclude that under all the circumstances alleged, posting the property would be constitutionally required under *Mullane* and its progeny as a prerequisite to divesting plaintiffs of their property. The actual facts, of course, must be determined at trial.

### *Disposition*

The judgment is reversed on condition, however, that within 30 days after the remittitur is filed in the superior court, plaintiffs file an amendment to their purported cause of action against the County of San Bernardino and Joe Bell alleging facts substantially as recited in this opinion. The trial court is directed to grant plaintiffs leave to file such an amendment. If no such amendment to the complaint is filed within the prescribed time or such further time as the trial court shall for good cause allow, the judgment shall be affirmed. In the interests of justice, the parties shall each bear their own respective costs on appeal.

Green, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.